### AMERICAN HONDA FINANCE CORPORATION *v.* MARVEL JOHNSON
### (AC 23625)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs September 19—officially released November 11, 2003

*Nathalie Feola-Guerrieri* filed a brief for the appellant (defendant).

*Melissa E. Schwalbach* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Marvel Johnson, appeals from the trial court's denial of his motion to open the judgment rendered against him in favor of the plaintiff, American Honda Finance Corporation. On appeal, the defendant claims that the court's denial of his motion to open reflects an abuse of discretion because he did not receive notice of the underlying action or of the judgment that resulted from that action until more than two years after the court rendered judgment against him. We are unable to review the merits of the defendant's claim and, therefore, affirm the judgment of the trial court.

The record reflects that in July, 1999, the plaintiff brought an action against the defendant sounding in breach of contract.[1] The plaintiff alleged that the defendant had entered into a written agreement to purchase a motor vehicle from the plaintiff, thereby becoming obligated to make monthly installment payments to the plaintiff. The plaintiff further alleged that the defendant had breached the contract by failing to make payments in accordance with the contract's provisions.

The defendant failed to appear and, on December 7, 1999, the court rendered a default judgment in the plaintiff's favor in the amount of $7063.52 and ordered the defendant to make weekly payments to the plaintiff in the amount of $25. On May 17, 2002, the defendant filed a motion to open the judgment.[2] The defendant claimed that he had a bona fide defense to the action

---

[1] The deputy sheriff's return of service, indicating that the writ of summons and complaint were left at the defendant's usual place of abode, appears in the file.

[2] The defendant improperly used the term "motion to reopen" both in his moving papers and in his appellate brief. The court has never opened the decision. Accordingly, the proper term for his motion is a "motion to open" the judgment. See *Rodriguez* v. *State*, 76 Conn. App. 614, 617 n.5, 820 A.2d 1097 (2003).

in that the subject vehicle had been stolen and that his insurer had paid the plaintiff for its losses. The defendant also claimed that he lacked notice of the action and that he had never been served in the action.[3] The defendant submitted to the court his affidavit in support of the motion, averring therein that he was not living at the address where the plaintiff's service was made and that he lacked notice of the action. The defendant also submitted to the court various documents, including a checking account statement, personal checks issued by the defendant, a lease agreement and employment documents for the purpose of corroborating the defendant's representation that the address at which the deputy sheriff's return of service indicated that service had been made was not the defendant's usual place of abode, but rather his prior place of abode.

On August 5, 2002, the court denied the motion to open, noting on its order sheet: "Court has no jurisdiction to reopen a judgment that entered *two and one-half years ago*." (Emphasis added.) The court later denied the defendant's motion to reargue that ruling. This appeal followed. In reviewing a court's ruling on a motion to open, this court asks only if the trial court acted unreasonably or in clear abuse of its discretion. *Brehm* v. *Brehm*, 65 Conn. App. 698, 704–705, 783 A.2d 1068 (2001).

The court's inherent power to open, to correct and to modify judgments is restricted by statute and the rules of practice. General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered . . . upon a default of nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered . . . and the case reinstated on the

---

[3] The defendant represented that he learned of the action on March 23, 2002, when he was served with a subpoena and a petition for examination of judgment debtor related to the judgment against him.

docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party . . . showing reasonable cause, or that a good cause of action or defense in whole or part existed at the time of the rendition of the judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." General Statutes § 52-212 (b) provides: "The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear." Practice Book § 17-4 (a) similarly provides in relevant part: "Unless otherwise provided by law . . . any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ."

The issue raised by the defendant implicated the court's personal jurisdiction over him. That being the case, the defendant had the right to raise that issue irrespective of the four month time limit codified in General Statutes § 52-212 and Practice Book § 17-4. "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Internal quotation marks omitted.) *Bove* v. *Bove*, 77 Conn. App. 355, 362, 823 A.2d 383 (2003). "Unless the service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Internal quotation marks omitted.) *Commissioner of Transportation* v. *Kahn*, 262 Conn. 257, 272, 811 A.2d 693 (2003). The court possesses the inherent authority to "at any time . . . open and modify a judgment rendered with-

out jurisdiction." (Internal quotation marks omitted.) *Bove* v. *Bove,* supra, 367.

If the court found that the defendant was never served in this action in the method prescribed by statute and that the defendant did not receive notice of the adverse judgment rendered against him until March, 2002, some two months prior to the date on which he filed his motion to open, it would have abused its discretion by denying the motion to open. In the present case, however, the basis for the court's denial of the motion to open is unclear. The court's one line explanation for its ruling does not afford this court a basis on which to determine if it exercised its discretion reasonably.

The defendant, in his motion to open and in his motion to reargue the denial of his motion to open, did not request an evidentiary hearing. Compare *Tyler E. Lyman, Inc.* v. *Lodrini,* 78 Conn. App. 684, 686–89, 828 A.2d 681 (trial court abused discretion by denying motion to open without conducting evidentiary hearing on factual issue raised in motion to open where movant requested such hearing), cert. denied, 266 Conn. 917, 833 A.2d 468 (2003). The defendant also did not ask the court to articulate the factual basis of its decision. Appellants bear the burden of affording this court an adequate record for review. Practice Book § 61-10. Practice Book § 64-1 provides in relevant part that a trial court's decision "shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ." An appellant may seek to remedy any ambiguities or deficiencies in a trial court's decision by filing a motion for articulation as provided in Practice Book § 66-5. The defendant did not avail himself of either opportunity to provide this court with a record adequate for review.

For this court to guess at what factual basis underlies the trial court's legal conclusion or to assume that the

trial court misapplied the applicable legal principle would require this court to engage in an exercise of pure speculation. That we cannot do. Accordingly, we are unable to reach the merits of the defendant's claim.

The judgment is affirmed.