BANKERS TRUST COMPANY, TRUSTEE *v.* RONALD L. PINCIARO ET AL.
(AC 23403)

Schaller, Dranginis and DiPentima, Js.

Submitted on briefs November 21, 2003—officially released March 2, 2004

*Ronald L. Pinciaro*, pro se, the appellant (defendant) filed a brief.

*David F. Borrino* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action, the pro se defendant Ronald L. Pinciaro[1] appeals from the trial court's denial of his motion to reopen the judgment

[1] The other defendants in this action were Nancy M. Pinciaro, Household Realty Corporation, the state department of revenue services, the Internal Revenue Service and Oxford Health Plans, Inc. Only Ronald Pinciaro has appealed. We therefore refer to him in this opinion as the defendant.

approving the sale of the real property at issue. We affirm the judgment of the trial court.[2]

The following facts and procedural history are relevant to the defendant's appeal. In February, 2001, the plaintiff, Bankers Trust Company, trustee, commenced an action to foreclose a mortgage executed by Ronald L. Pinciaro and Nancy M. Pinciaro that secured a note in the original amount of $255,200. The Pinciaros were defaulted for failure to disclose a defense. On April 2, 2001, the court ordered a foreclosure by sale, scheduling the sale date for June 2, 2001. Subsequent to the filing of various bankruptcy petitions by the defendant, the plaintiff filed and the court granted three motions to reopen the judgment to set new sale dates, ultimately extending the sale date to May 11, 2002. On that date, the premises were sold for $400,000. On May 28, 2002, the court ordered that the sale and deed be approved.

On June 12, 2002, the defendant filed a pleading he titled "Motion to Reargue the Judgment," addressing the May 28, 2002 judgment. The grounds for the motion were that (1) he was in the wrong courtroom and was not present at the time the motion for approval of the sale was argued and (2) he had evidence to show that the sale price of $400,000 was too low, and that the proper sale price should have been $545,000. The court denied the defendant's motion on July 10, 2002. On June 18, 2002, the defendant filed a motion to reopen the judgment on the same grounds. On August 5, 2002, that motion was also denied by the court. This appeal followed.[3]

---

[2] The defendant also claims that the court improperly (1) approved the sale and (2) denied his motion to reargue. We need not address those claims because we conclude that the court was within its discretion in denying his motion to reopen the judgment.

[3] During the pendency of this appeal, the plaintiff filed a motion to dismiss the appeal as moot, which we denied. The plaintiff later filed a motion with the trial court for a termination of the automatic stay of execution. The motion was denied, but the trial court ordered the defendant to pay for use and occupancy. The defendant filed a motion for articulation or rectification

The defendant claims that the court improperly denied his motion to reopen the judgment. We disagree.

In reviewing a court's ruling on a motion to reopen, we ask only whether the court acted unreasonably or in clear abuse of its discretion. *American Honda Finance Corp.* v. *Johnson*, 80 Conn. App. 164, 166, 834 A.2d 59 (2003). "When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Cadle Co.* v. *Gabel*, 69 Conn. App. 279, 299, 794 A.2d 1029 (2002).

On the basis of our review of the record, we conclude that the court did not abuse its discretion.

The judgment is affirmed.

of the court's order on the motion to terminate the stay. The court articulated that the motion to terminate the stay had been denied to give the defendant an opportunity to pursue the appeal. The court used its equitable powers, however, to rule that the plaintiff was entitled to compensation for reasonable use and occupancy of the premises pending the appeal. It further articulated that the successful bidder, rather than the plaintiff, would be entitled to the issuance of an execution of ejectment if timely use and occupancy payments were not made. The defendant then filed with this court a motion for review of the use and occupancy order, claiming that he should not be obligated to pay use and occupancy. This court granted the motion for review, but denied the relief requested therein.