ELIZABETH MOORE *v.* DONALD W. BRANCARD, JR.
(AC 25013)

Bishop, DiPentima and McLachlan, Js.

Argued February 17—officially released May 17, 2005

*Cara S. Richert*, for the appellant (plaintiff).

*Leon M. Kaatz*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. This appeal centers on the requirements of General Statutes § 52-212, which governs the opening of judgments after default or nonsuit. The plaintiff, Elizabeth Moore, claims that the trial court abused its discretion in denying her motion to open the judgment that dismissed her action against the defendant, Donald W. Brancard, Jr.[1] We affirm the judgment of the trial court.

By complaint dated October 9, 2000, the plaintiff commenced an action alleging, inter alia, breach of contract

---

[1] The complaint named "Donald W. Brancard, Jr. d/b/a Classic Colonials" as the defendant. We note that "the use of a fictitious or assumed business name does not create a separate legal entity . . . [and that] [t]he designation [d/b/a] . . . is merely descriptive of the person or corporation who does business under some other name." (Internal quotation marks omitted.) *Bauer* v. *Pounds*, 61 Conn. App. 29, 36, 762 A.2d 499 (2000).

by the defendant. Following the filing of three revised complaints, a pretrial conference was scheduled for March 21, 2002. When neither party appeared on that date, the matter was dismissed. The court subsequently granted the plaintiff's motion to open on May 20, 2002. On July 8, 2002, the court granted the motion of counsel for the plaintiff to withdraw his appearance. Days earlier, the plaintiff was notified in writing that "[i]f the motion to withdraw appearance is granted, you should either obtain another attorney or file an appearance on your behalf with the court . . . . If you do neither, you will not receive notice of court proceedings in your case and a nonsuit or default judgment may be rendered against you." Accordingly, on July 16, 2002, attorney Cara S. Richert filed an appearance on the plaintiff's behalf.

Thereafter, pretrial conferences were held on December 18, 2002, and February 6, 2003. Another pretrial conference was scheduled for June 4, 2003. In response to the defendant's motion for a continuance, that conference was continued to July 22, 2003. When the plaintiff failed to appear on that date, the court, sua sponte, dismissed the matter due to her failure to prosecute the action "with any diligence whatever." Almost four months later, on November 18, 2003, the plaintiff filed a motion "to set aside dismissal and open judgment," which the court denied.[2] From that judgment, the plaintiff appeals.

"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The

---

[2] The plaintiff did not request oral argument on that motion.

manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990).

The power of the court to set aside a judgment of nonsuit is governed by General Statutes § 52-212.[3] To obtain relief, a plaintiff must establish both "that a good cause of action, the nature of which must be set forth, existed when the judgment of nonsuit was rendered, and that the plaintiff was prevented from prosecuting it because of mistake, accident or other reasonable cause." *Biro* v. *Hill*, 231 Conn. 462, 467, 650 A.2d 541 (1994); see also Practice Book § 17-43 (a). The plaintiff claims to have satisfied both prongs of that test. We conclude to the contrary.

The first prerequisite to the granting of a motion to open a judgment is a showing that a good cause of action existed. "The moving party on a motion to open must not only 'allege,' but also make a 'showing' sufficient to satisfy the two-pronged test of § 52-212 . . . ." (Citations omitted.) *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 133–34, 474 A.2d 456 (1984). A bald assertion that one existed is inadequate. See *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 241, 492 A.2d 159 (1985). General Statutes § 52-212 (b) requires a motion to open to specify the nature of the claim. No such statement is contained in the plaintiff's motion. Rather, her motion included the bald assertion that "a good cause of action still exists . . . ." The motion therefore failed to comply with the mandatory dictates of § 52-212.[4]

---

[3] In her brief, the sole statutory authority that the plaintiff cites is General Statutes § 52-212a. For resolution of the issues in this appeal, however, the operative statute is General Statutes § 52-212.

[4] Citing to Practice Book § 1-8, the plaintiff urges us to adopt a "flexible interpretation" of the requirements of General Statutes § 52-212. We decline her invitation. Section 1-8 applies only to our rules of practice and not to the General Statutes.

Furthermore, the plaintiff has not demonstrated the existence of a "mistake, accident or other reasonable cause," as required by the second prong of § 52-212 (a). Although her motion to open alleges that neither she nor her attorney received notice of the July 22, 2003 pretrial conference, the defendant's opposition to the motion to open contained the affirmation that "[on May 21, 2003], according to notes in the file for counsel for [d]efendant, communication was had with counsel for [p]laintiff in which communication counsel for [p]laintiff was advised of the July 22 pretrial date at 9:15 a.m." Moreover, it is significant that the plaintiff's action already once had been dismissed due to the failure to appear for a pretrial conference. "[N]egligence is no ground for vacating a judgment, and . . . the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence." *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 238, 543 A.2d 728 (1988). In light of the foregoing, the court reasonably could have concluded that the plaintiff's failure to appear was due to mere inattention.

The plaintiff also alleges a violation of her due process right to notice. That claim merits little discussion. We have already concluded that the court reasonably could have concluded that the plaintiff's failure to appear was due to mere inattention, not lack of notice. Second, our Supreme Court has noted that "actual receipt of notice . . . is not a prerequisite so long as the procedure established by law for affording notice has a reasonable certainty of resulting in such notice and so long as that procedure has been followed. 1 Restatement (Second), Judgments § 2." *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 712 n.5, 462 A.2d 1037 (1983). There is no indication that the established procedure was not followed in the present case. Accordingly, her claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.