# PETER H. ERTEL *v.* THEODORE DEMMON, SR., ET AL.
## (AC 26104)

Bishop, DiPentima and McLachlan, Js.

Argued November 18, 2005—officially released January 10, 2006

*Peter H. Ertel,* pro se, the appellant (plaintiff).

*John-Henry M. Steele,* for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Peter H. Ertel, appeals from the trial court's denial of his motion to open the court's judgment, which did not contain an award of prejudgment interest.[1] The dispositive issue on appeal is whether the court abused its discretion in denying the motion. Our law makes clear that the opening of a judgment is entirely within the discretion of the trial court. See *Moore* v. *Brancard,* 89 Conn. App. 129, 131, 872 A.2d 909 (2005). We note, however, that "[a]lthough the opening of a judgment properly rendered is a discre-

---

[1] The plaintiff commenced the present action against the defendants, Theodore Demmon, Sr., Katherine Demmon, the Deregulated Energy Marketing Company and New England Energy, LLC, alleging breach of contract, unjust enrichment and fraud. The plaintiff sought compensatory and treble damages. A default judgment entered against the defendants for failure to appear, but the court did not award prejudgment interest. The plaintiff filed a motion to open the judgment, but the court denied the motion. This appeal followed.

tionary act of the court . . . a judgment improperly rendered, as a matter of law, must be set aside." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *St. John*, 80 Conn. App. 767, 774, 837 A.2d 841 (2004). In this instance, there is no evidence in the record to support the contention that the court improperly denied the plaintiff's request for prejudgment interest, and the plaintiff has failed to file a motion for articulation to perfect the record. See *Wendt* v. *Wendt*, 59 Conn. App. 656, 688–89, 757 A.2d 1225, cert. denied, 255 Conn. 918, 763 A.2d 1044 (2000); Practice Book § 66-5. Thus, we hold that the court did not abuse its discretion in denying the plaintiff's motion to open the judgment.

The judgment is affirmed.