## HOUSING AUTHORITY OF THE CITY OF NEW HAVEN *v.* THELMA GOODWIN ET AL.
### (AC 27938)

Bishop, DiPentima and Robinson Js.

---

Argued April 14—officially released June 17, 2008

*Amy D. Marx*, with whom was *Shelley A. White*, for the appellant (named defendant).

*G. Adam Schweickert III*, with whom, on the brief, was *Robert W. Chesson*, for the appellee (plaintiff).

BISHOP, J. The dispositive issue in this housing appeal is whether the trial court abused its discretion in denying the defendant Thelma Goodwin[1] an evidentiary hearing on her motion to open a stipulated judgment that she had entered into one month earlier with the plaintiff, the housing authority of the city of New Haven. Because we resolve that issue in the affirmative, we reverse the judgment of the trial court.

The following factual and procedural history is relevant to the defendant's appeal. The defendant resides in a federal low income housing unit in New Haven, owned and operated by the plaintiff. On February 28, 2006, the plaintiff instituted a summary process action to recover possession of the premises on the basis of the defendant's failure to maintain the apartment in a clean and sanitary condition. The defendant filed an answer denying the allegations of the complaint and raising the special defense that all rent had been paid to the landlord.[2] On April 25, 2006, the defendant appeared pro se for trial and met with the attorney for the plaintiff. This meeting resulted in the parties' entering into a stipulated agreement under which judgment would enter in favor of the plaintiff with a final stay of execution until May 31, 2006. The defendant agreed to vacate the premises by May 31, 2006. The court questioned the defendant about her understanding of this agreement and then rendered judgment in accordance with the stipulation.[3]

---

[1] Marcus Goodwin and Monica Goodwin also were parties in the summary process action. Because they are not parties to this appeal, however, we refer to Thelma Goodwin as the defendant throughout this opinion.

[2] Interestingly, the plaintiff denied the defendant's special defense but did not allege nonpayment of rent as a basis for its summary process complaint.

[3] The court's canvass consisted of the following questions, to which the defendant responded affirmatively: "Are you [a party] to this agreement?"; "Have you read [the agreement]?"; "Have . . . you signed [the agreement]?"; "Do you understand what your rights and obligations are under this agreement?"; and, "Do you feel it's a fair and equitable proposal?"

On May 25, 2006, the defendant, with the assistance of counsel, filed a motion to open the judgment pursuant to Practice Book § 17-4[4] and General Statutes § 52-212a.[5] In her motion, the defendant claimed that she "suffers from serious cognitive limitations that affected her ability to understand the significance and consequences of the stipulated agreement without [the] advice of counsel or assistance of a mediator." Additionally, the defendant asserted her belief that she had a defense to the summary process action based on her disability and the plaintiff's duty to provide her a reasonable accommodation. On May 26, 2006, the court denied the motion to open without the benefit of oral argument or an evidentiary hearing.[6]

On May 31, 2006, the defendant filed a motion for reargument because the court had denied the motion to open without an evidentiary hearing. In support of her motion, the defendant presented an affidavit in which she asserted that she did not understand that the stipulation required that she vacate her apartment by May 31. The defendant claimed that she suffers from serious cognitive limitations, specifically that she has an IQ of sixty-five and has been classified as "mildly mentally retarded," which prevented her from understanding her procedural rights and the meaning and consequences of the stipulation.[7] The defendant

---

[4] Practice Book § 17-4 (a) provides in relevant part that "any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ."

[5] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[6] The record does not reflect that the defendant asked for oral argument or an evidentiary hearing in conjunction with this filing.

[7] In this regard, the defendant presented an affidavit from a licensed psychologist, as well as a copy of a psychological evaluation prepared in conjunction with proceedings in the Juvenile Court. In addition to classifying

claimed that when she signed the stipulation, she did so under the mistaken belief that she was being offered the opportunity to stay in the apartment, not that she, along with her seven minor children, would be required to vacate it in approximately four weeks.

The defendant's motion for reargument was scheduled for a hearing on June 6, 2006. At that hearing, the defendant, through counsel, requested that the court grant her motion for reargument and proceed with an evidentiary hearing on the underlying motion to open. The court continued the matter to June 20, 2006, to give the plaintiff an opportunity to respond to the motion for reargument.[8]

On June 20, 2006, the court heard oral argument on the defendant's motion for reargument. The defendant argued that she was entitled to an evidentiary hearing on her motion to open because she had set forth a "prima facie factual dispute" regarding her mistake in signing the stipulation. The plaintiff objected, arguing that the defendant cannot avoid a stipulation on the ground that she made a mistake unless that mistake was mutual, that the defendant did not ask for oral argument or an evidentiary hearing in her motion to open and that in signing the stipulated judgment, the defendant waived her right to open or to appeal from

the defendant as "mildly mentally retarded," the psychologist indicated that "[d]ue to her intellectual limitations, [the defendant] is likely to misunderstand or misapprehend detailed information, such as would be presented in a court proceeding. Further, part of her accommodation to limited understanding is to agree without question or to fail to seek clarification."

The defendant also presented the affidavit of her alderman, who indicated that when he told the defendant that she had agreed to vacate her apartment, she burst into tears, indicated that she had not understood that and asked what she was supposed to do with her seven children because she had nowhere else to go.

[8] On June 9, 2006, the court entered an injunction against the issuance of any execution pending the outcome of the defendant's motion for reargument. The defendant is still in possession of the subject premises.

the stipulated judgment.[9] On August 7, 2006, the court denied the motion for reargument without a written opinion. This appeal followed.

On November 24, 2006, the court issued an articulation setting forth several factual findings. The court found that the attorney for the plaintiff, who appeared before it on a regular basis, previously had been candid with the court when a tenant lacked the ability or competence to enter into a binding agreement and that he had not previously sought or allowed a judgment to enter against such a party. The court further found that the defendant's daughter and codefendant was "privy to the entire negotiation of the stipulated agreement and was well aware of [the defendant's] participation in those negotiations. She was also at [the defendant's] side when the court canvassed the agreement. At no time did she raise any concerns about the alleged limitations on [the defendant's] part, which would later become the basis of [the defendant's] attempts to open the judgment. If [the defendant] had any problems in coming to this agreement or in understanding the canvass by the court, it most certainly would have been obvious to her daughter, who most probably knows her better than anyone. It would also have been incumbent upon [the defendant's daughter] as codefendant to bring such concerns to the court's attention." Finally, the court found that the "defendant was neither defrauded nor mistaken as to the terms of the stipulated agreement she reached with the plaintiff's attorney and in the presence of her daughter . . . ." The court concluded that it did not, therefore, find that "proper grounds existed to permit or require an opening of the stipulated judgment of April 25, 2006, as evidenced by the [transcript

---

[9] The plaintiff contends that because the defendant expressly waived her right to open or to appeal from the stipulated judgment, this court does not have jurisdiction to consider this appeal. Because, however, the validity of the stipulated judgment is the underlying issue in this matter, the plaintiff's argument must fail.

of the entry of stipulated judgment], and, for that reason, both the motion to open and the motion to reargue were denied by this court."

In denying the defendant's motion for reargument, the court addressed the merits of her motion to open. Accordingly, we begin by setting forth the standard of review for a challenge to the denial of a motion to open.[10] "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Cox* v. *Burdick*, 98 Conn. App. 167, 176–77, 907 A.2d 1282, cert. denied, 280 Conn. 951, 912 A.2d 482 (2006).

"A stipulated judgment constitutes a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . A stipulated judgment allows the parties to avoid litigation by entering into an agreement that will settle their differences once the court renders judgment on the basis of the agreement. . . . A stipulated judgment, although obtained through mutual consent of the parties, is binding to the same degree as a judgment obtained through litigation. . . . It necessarily follows that if the judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless

---

[10] The standard of review for a court's denial of a motion to reargue also is abuse of discretion. *Terry* v. *Terry*, 102 Conn. App. 215, 230, 925 A.2d 375, cert. denied, 284 Conn. 911, 931 A.2d 934 (2007).

it is shown that the stipulation was obtained by fraud, accident or mistake." (Citations omitted; internal quotation marks omitted.) *Wallerstein* v. *Stew Leonard's Dairy*, 258 Conn. 299, 310, 780 A.2d 916 (2001).

"A motion to open a stipulated judgment, when grounded on mistake or duress, necessarily requires the court to make a factual determination before it can exercise its discretion to grant or deny the motion . . . . In making its factual determination whether a stipulated judgment should be opened, the court must inquire into whether the decree itself was obtained by fraud, duress, accident or mistake." (Internal quotation marks omitted.) *Cox* v. *Burdick*, supra, 98 Conn. App. 177. When such a factual determination must be made, "due process requires a hearing to provide the parties with an opportunity to present evidence." *Housing Authority* v. *Lamothe*, 225 Conn. 757, 769, 627 A.2d 367 (1993).

Both parties contend that *Lamothe* is pivotal in the resolution of this appeal. We agree. In *Lamothe*, the plaintiff housing authority sought, by way of a summary process action, to recover possession of certain premises leased to the defendants. The trial court rendered judgment awarding possession to the plaintiff in accordance with a stipulation of the parties. Id., 759–60. Thereafter, the defendant moved to open the judgment, claiming that the stipulation was the product of duress and mistake. Specifically, the defendant claimed that she entered into the stipulation without understanding its terms or the consequences of agreeing to a final stay of execution. Id., 760. Without allowing the defendant to introduce any evidence in support of the motion, the trial court denied the motion to open. Id., 762. Our Supreme Court held that because the defendant was prepared to present evidence in support of her motion to open that "would have provided the facts necessary for a proper evaluation of the legal issues raised by the

motion [to open] and the background against which the legal theories could have been tested," the court should have afforded her an opportunity to present that evidence. Id., 769.

Here, as in *Lamothe*, the defendant sought an evidentiary hearing to demonstrate that she did not understand the stipulation she had signed and that her mistake in entering into the stipulation was due to her limited cognitive abilities. Although she did not request an evidentiary hearing in her motion to open, she did raise the issue of her ability to understand in that motion, and she specifically requested an evidentiary hearing in her motion to reargue to provide the court with additional information regarding her cognitive difficulties. Her motions, along with the attachments thereto and the argument of counsel, were sufficient to give notice to the court that a factual determination was necessary to decide the motion to open fairly and that the presentation of evidence was a necessary predicate to those factual determinations.[11] Because the defendant should have been afforded the opportunity to present evidence in support of her claim of mistake,[12] we conclude that the court abused its discretion in denying her motions to open and for reargument.

The judgment is reversed and the case is remanded with direction to afford the defendant a full evidentiary hearing on her motion to open the stipulated judgment.

In this opinion the other judges concurred.

---

[11] Although the court did not afford the defendant an evidentiary hearing on the claims she raised in her motions to open and to reargue, it did make factual findings.

[12] The plaintiff contends that to open a stipulated judgment, even within four months from the date of its rendering, a movant must prove that the mistake was mutual. All of the cases cited by the plaintiff, however, in which mutual mistake is required concern situations in which the motion to open was filed beyond four months of the date of judgment. In *Lamothe*, on which we rely, the motion to open was filed within four months of the date of judgment and did not concern a mutual mistake. *Housing Authority* v. *Lamothe*, supra, 225 Conn. 760.