JOSEPH EREMITA *v.* SALVATORE MORELLO
(AC 29341)

Flynn, C. J., and DiPentima and Robinson, Js.

Submitted on briefs September 12—officially released November 4, 2008

*C. Scott Schwefel* filed a brief for the appellant (plaintiff).

*Margaret Fogerty Rattigan* filed a brief for the appellee (defendant).

*Opinion*

ROBINSON, J. The plaintiff, Joseph Eremita, appeals following the denial of his motion to open the judgment dismissing his breach of contract claim against the defendant, Salvatore Morello. On appeal, the plaintiff claims that the trial court improperly denied his motion to open the judgment on the basis of mistake or accident. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On May 20, 2004, the plaintiff filed a complaint alleging breach of contract by the defendant. The dispute pertained to an unpaid sum on a promissory note executed by the defendant on July 30, 1998. The court rendered a judgment of dismissal against the plaintiff for failure to make a prima facie case on September 11, 2007, after the plaintiff, who was the only witness scheduled to testify on his behalf, failed to appear at the trial.[1] The plaintiff later filed a motion to open the judgment of dismissal on October 1, 2007, which was denied by the court on November 6, 2007. From that judgment, the plaintiff appeals.

The plaintiff claims that the court abused its discretion in refusing to open the judgment of dismissal because his absence at trial was the result of inadvertence. We decline to reach the merits of the plaintiff's claim due to an inadequate record.

---

[1] The plaintiff's attorney sent a motion for a continuance by facsimile on September 10, 2007, one day before the trial was to begin, which the court denied. The stated reason for the request for a continuance was that the plaintiff was not available.

The plaintiff represented in his motion to open the judgment that a trial management conference was held on September 7, 2007, four days before the court trial was scheduled to begin. At that time, the plaintiff's counsel informed the court that he had been unable to contact the plaintiff "despite diligent efforts . . . ." When counsel still was unable to contact the plaintiff on September 10, 2007, he sent a motion for a continuance by facsimile, which was date stamped the next day, September 11, the day of the trial. On that day, the court, *Graham, J.*, denied the motion, and counsel appeared before the court, *Tanzer, J.*, for trial. The plaintiff's counsel informed the court that he still had not been able to contact the plaintiff.[2] As the plaintiff was expected to be the sole testimonial witness to prove his cause of action, there were no witnesses to testify on his behalf in the plaintiff's absence, and the plaintiff's attorney presented no evidence before resting his case. The defendant's attorney immediately moved for dismissal, pursuant to Practice Book § 15-8, for failure of the plaintiff to make out a prima facie case, and the court rendered a judgment of dismissal.[3] The plaintiff filed a motion to open the judgment under General Statutes § 52-212a and Practice Book § 17-4, which motion was denied by the court.

"Our review of a court's denial of a motion to open . . . is well settled. We do not undertake a plenary review of the merits of a decision of the trial court . . . to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our

[2] The plaintiff states in his motion to open the judgment that on the date of trial, he was out of state and was inaccessible by telephone or facsimile. The September 11, 2007 trial date had been scheduled on November 30, 2006, nearly ten months prior.

[3] Practice Book § 15-8 provides in part: "If . . . the plaintiff has produced evidence and rested his or her cause, the defendant may move for judgment of dismissal, and the judicial authority may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. . . ."

review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *In re Ilyssa G.*, 105 Conn. App. 41, 45, 936 A.2d 674 (2007), cert. denied, 285 Conn. 918, 943 A.2d 475 (2008).

In determining whether a judgment should be opened, this court has stated clearly that "the [n]egligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment." (Internal quotation marks omitted.) *Rino Gnesi Co.* v. *Sbriglio*, 83 Conn. App. 707, 712, 850 A.2d 1118 (2004); see also *Woodruff* v. *Riley*, 78 Conn. App. 466, 469–70, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003). In particular, where a party negligently failed to attend trial, this court, as well as our Supreme Court, has held repeatedly that this was not sufficient grounds for opening the judgment. See *Munch* v. *Willametz*, 156 Conn. 6, 11, 238 A.2d 424 (1968); *In re Ilyssa G.*, supra, 105 Conn. App. 49 ("[r]egardless of whether it was intentional or the result of negligence, the respondent's failure to keep the court, the department [of children and families] and his attorney informed of his whereabouts does not qualify for purposes of opening a default judgment as a mistake, accident or other reasonable cause that prevented the respondent from presenting a defense"); *Moore* v. *Brancard*, 89 Conn. App. 129, 133, 872 A.2d 909 (2005) ("the court reasonably could have concluded that the plaintiff's failure to appear was due to mere inattention"). Indeed, "[w]hile it is true that a judgment may be opened on the grounds of lack of notice or accidental failure to appear . . . it does not follow that such circumstances mandate the opening of a judgment." (Citations omitted.) *Steve Viglione Sheet*

*Metal Co.* v. *Sakonchick*, 190 Conn. 707, 711, 462 A.2d 1037 (1983).

The record in this matter is inadequate for this court to review the plaintiff's claim. It does not contain a memorandum of decision regarding the motion to open the judgment of dismissal. The court's reason for denying the motion to open is not a part of the record. The record merely contains a copy of the plaintiff's motion, on which the court indicated that the motion was denied. Additionally, there was no hearing on the motion. Furthermore, the plaintiff did not file a motion for articulation to ascertain the basis for the court's decision.[4] "Appellants bear the burden of affording this court an adequate record for review." *American Honda Finance Corp.* v. *Johnson*, 80 Conn. App. 164, 168, 834 A.2d 59 (2003). In view of the inadequate record, we cannot ascertain why the court denied the motion to open the judgment, and, therefore, we decline to review this claim. See *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 549, 776 A.2d 1195 (2001).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The plaintiff in fact attempts to use the lack of a written memorandum of decision as the basis of his argument, noting in his brief that because the court did not draft a memorandum of decision it is unknown whether the court analyzed the question of whether the plaintiff had been prevented by mistake, accident or other reasonable cause from prosecuting the action. This argument ignores the fact that "[a]n appellant may seek to remedy any ambiguities or deficiencies in a trial court's decision by filing a motion for

articulation as provided in Practice Book § 66-5." *American Honda Finance Corp.* v. *Johnson*, 80 Conn. App. 164, 168, 834 A.2d 59 (2003).