******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHANDRA BOZELKO *v.* COMMISSIONER
OF CORRECTION
(AC 42699)

DiPentima, C. J., and Elgo and Beach, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes, sought a writ of
habeas corpus, claiming that her prior habeas counsel had provided
ineffective assistance. The habeas court rendered judgment dismissing
the petition because the petitioner failed to appear at a status conference.
Thereafter, the court denied the petitioner's motion to open the judgment
of dismissal in which she argued that she did not receive notice of the
status conference. The petitioner subsequently filed two motions to
reargue, seeking an opportunity to present evidence that she did not
receive notice of the status conference, which the habeas court denied
and, thereafter, on the granting of certification, the petitioner appealed
to this court. On appeal, the petitioner claimed that the habeas court
abused its discretion in dismissing her habeas petition, in denying her
motion to open, and in denying her motions to reargue. *Held* that the
habeas court abused its discretion in denying the petitioner's motion
to open the judgment of dismissal on the sole ground that notice of the
status conference was sent properly without having conducted a proper
hearing; although the court had issued a JDNO notice regarding the
status conference and the petitioner was listed as a party to the action,
creating a rebuttable presumption that the petitioner received notice
pursuant to the mailbox rule, the petitioner was entitled to an opportu-
nity to rebut this presumption, which she attempted to do by filing the
motion to open the judgment, a supporting affidavit and motions to
reargue, the petitioner should have been afforded a hearing in which
she could present evidence to rebut the presumption that she received
notice and, accordingly, the case was remanded for a factual determina-
tion as to whether the petitioner knew or should have known of the
status conference and, thus, whether the judgment of dismissal should
be reopened.

Argued December 5, 2019—officially released March 24, 2020

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, granted the respondent's motion
to dismiss and rendered judgment thereon; thereafter,
the court denied the petitioner's motion to open the
judgment; subsequently, the court denied the petition-
er's motions to reargue, and the petitioner, on the grant-
ing of certification, appealed to this court. *Reversed;
further proceedings.*

*Chandra Bozelko*, self-represented, the appellant
(petitioner).

*Kathryn W. Bare*, assistant state's attorney, with
whom, on the brief, were *Kevin D. Lawlor*, former
state's attorney, and *Angela R. Macchiarulo*, senior
assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. In this habeas action, the petitioner, Chandra Bozelko, appeals from the judgment of the habeas court dismissing her second petition for a writ of habeas corpus, which alleged that her first appointed habeas counsel rendered ineffective assistance. On appeal, the petitioner claims that the habeas court (1) abused its discretion by dismissing her habeas petition for failing to appear at a status conference, (2) abused its discretion in denying her motion to open the judgment of dismissal, and (3) abused its discretion in denying her motions to reargue. We agree with the petitioner's second claim and, accordingly, reverse the judgment of the trial court denying her motion to open the judgment of dismissal.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. On March 14, 2014, the petitioner filed a petition for a writ of habeas corpus alleging that her first habeas corpus counsel, James Ruane, rendered ineffective assistance.[1] A pretrial hearing was scheduled to take place on August 9, 2018. On August 9, 2018, the habeas court, *Hon. George Levine*, judge trial referee, rendered judgment in favor of the respondent, the Commissioner of Correction, and dismissed the matter, stating in its order: "This case is dismissed for [the] petitioner's failure to appear for pretrial."[2]

On September 4, 2018, the court, *Newson, J.*, vacated the August 9, 2018 dismissal sua sponte, stating: "It has come to the attention of the court that the petitioner did appear for the pretrial as requested and therefore this case was dismissed in error. The judgment is opened and this case will proceed in due course." That same day, two notices were issued, one advising the parties that the dismissal had been vacated and the other advising the parties that a status conference was scheduled for November 2, 2018, at 10 a.m.

On November 2, 2018, the petitioner did not appear for the status conference. Counsel for the respondent orally moved for dismissal. The habeas court granted the motion.[3] By order dated November 5, 2018, the habeas court, *Newson, J.*, rendered judgment in favor of the respondent and dismissed the case on the basis of the petitioner's failure to appear at the November 2, 2018 status conference.

On November 28, 2018, the petitioner filed a motion to open the judgment of dismissal, arguing, inter alia, that she did not receive notice of the November 2, 2018 status conference. By order dated November 28, 2018, the court, *Newson, J.*, denied the motion to open the judgment. On December 7, 2018, the petitioner filed a motion to reargue, seeking reconsideration of the court's denial of the motion to open and requesting an opportunity to present evidence to the effect that she

did not receive notice of the November 2, 2018 proceeding. On December 10, 2018, the court denied the motion to reargue. The petitioner then filed a second motion to reargue on December 20, 2018, again seeking the opportunity to introduce evidence in support of her motion to open. Additionally, the petitioner filed a sworn affidavit with the motion attesting to the fact that she had not received written notice of the November 2, 2018 hearing. On December 21, 2018, the court denied the petitioner's second motion to reargue.[4]

On January 16, 2019, the petitioner filed a motion for permission to file a late appeal, which the habeas court granted. Thereafter, the petitioner filed a petition for certification to appeal, which the court granted. This appeal followed. Additional facts will be set forth as necessary.

Because we agree with the petitioner as to her second claim and remand the case accordingly, we address only that claim that the trial court abused its discretion in denying her motion to open the judgment of dismissal.

"Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *Simmons* v. *Weiss*, 176 Conn. App. 94, 98, 168 A.3d 617 (2017). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Housing Authority* v. *Goodwin*, 108 Conn. App. 500, 506, 949 A.2d 494 (2008).

A civil judgment rendered on a default or nonsuit may be opened within four months of the date that the judgment was rendered upon "written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the [petitioner] was prevented by mistake, accident or other reasonable cause from prosecuting the action . . . ." General Statutes § 52-212 (a). "A motion to open in order to a permit a party to present further evidence need not be granted where the evidence offered is not likely to affect the [prior judgment]." *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 712, 462 A.2d 1037 (1983).

The petitioner claims in her appellate brief that she called the clerk's office in the Superior Court, judicial district of Tolland at Rockville, on September 11, 2018. During the phone call, she was informed that the court's

dismissal was vacated but was not notified that another hearing date had been set for November 2, 2018. After the court rendered the second judgment of dismissal, the petitioner filed a motion to open the judgment, in which she asserted that she "had no notice of that November 2, 2018 status conference and she had been advised that the case was on the trial list but no date had been set yet." The petitioner argued the following in her motion: "If the November 2, 2018 date was set down when the case was reopened on September 4, 2018, no notice [was] issued to [the petitioner] and [the petitioner] was not present to learn of this date. Indeed, there is a notation, entry [number] 109 on the case detail that indicates that all dates were erased. Perhaps the status of this case not needing another status conference, at least not yet, was deleted and no notice sent. [The] petitioner doesn't use the system so it is unclear what the date erasure notation means. . . .

"There are documented problems with mail delivery at 183 Wild Rose Drive, Orange, CT, 06477. [The petitioner's] father takes painstaking care of the incoming mail to [that address] to assure that all mail is [received]. He is aware of the problems with the [Superior Court, judicial district of Tolland at Rockville] and his daughter's petition and found no incoming mail from [that court] since the summer of 2018. . . .

"The only information that [the] petitioner had was through [assistant state's attorney] Tamara Grosso, with whom [the] petitioner spoke on August 9, 2018. . . . Grosso informed [the] petitioner that [assistant state's attorney] Angela Macchiarulo would be in touch with possible trial dates in July, 2020. Since the matter was being placed on a trial docket, [the] petitioner had no reason to believe that another status conference was necessary so she would not have been awaiting another court date, outside of an agreed upon trial date for July, 2020."

On appeal, the petitioner argues that the habeas court abused its discretion in denying her motion to open the judgment of dismissal, in which she asserted that she did not receive notice of the November 2, 2018 status conference. The respondent counters that the mere existence of evidence of lack of notice does not by itself mandate the opening of the judgment. We agree with the respondent in this respect. "[W]hile it is true that a judgment may be opened on the grounds of lack of notice or accidental failure to appear . . . it does not follow that such circumstances mandate the opening of a judgment." (Internal quotation marks omitted.) *Eremita* v. *Morello*, 111 Conn. App. 103, 106, 958 A.2d 779 (2008).

The petitioner also advocates, however, the more limited position that the court abused its discretion by declining to consider evidence of a reasonable cause for her failure to appear at the November 2, 2018 pro-

ceeding, namely, that she never received notice of such hearing.[5] In her brief, the petitioner notes that she "filed an affidavit that has never been challenged nor has there been any other evidence that contradicts it.[6] Yet, the trial court has ignored this evidence that should be held against the presumption that notice was received." (Footnote added.) In essence, the petitioner procedurally challenges the habeas court's decision not to afford her an opportunity to present evidence regarding her motion to open the judgment.

The respondent contends that the court did not abuse its discretion because the evidence offered by the petitioner, even if true, would not have been sufficient to warrant opening the judgment, nor would such evidence have precluded the court from "conclud[ing] that the petitioner had actual notice of the court date because: (1) as of September 11, 2018, she was aware that the August [9, 2018] dismissal had been vacated and the case was active; and (2) information concerning the scheduled court dates was publicly available on the judicial website." The respondent suggests that the habeas court properly denied the petitioner's motion because, ultimately, it still reasonably could have concluded that the petitioner's failure to appear actually was due to inattention or negligence, and not lack of notice. The respondent cites to *Eremita* v. *Morello*, supra, 111 Conn. App. 103, and *Moore* v. *Brancard*, 89 Conn. App. 129, 133, 872 A.2d 909 (2005), as examples of instances in which, after conducting a hearing, the court denied the motion to open the judgment because it found no good cause for the movant's failure to appear. The habeas court in the present case denied the motion to open on the sole ground that notice was properly sent.[7] The petitioner, nonetheless, contends that notice was never received.

The issue of notice of the November 2, 2018 proceeding, then, hinges on the applicability of the mailbox rule. The mailbox rule "provides that a properly stamped and addressed letter that is placed into a mailbox or handed over to the United States Postal Service raises a rebuttable presumption that it will be received." *Echavarria* v. *National Grange Mutual Ins. Co.*, 275 Conn. 408, 418, 880 A.2d 882 (2005). This court has specifically stated that a JDNO notation, which is "used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record . . . raises a presumption that notice was sent and received *in the absence of a finding to the contrary*." (Emphasis added; internal quotation marks omitted.) *McTiernan* v. *McTiernan*, 164 Conn. App. 805, 808 n.2, 138 A.3d 935 (2016).

"Because the presumption is rebuttable, it follows that the plaintiff is entitled to a hearing to have an opportunity to present such rebuttal evidence. When the trial court is required to make a finding that depends

on issues of fact [that] are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 423–24, 642 A.2d 9 (1994).

Here, the court issued a JDNO notice regarding the November 2, 2018 status conference on September 4, 2018, and the petitioner is listed as a party to the action.[8] As such, there is a rebuttable presumption that the petitioner received notice of the conference scheduled for November 2, 2018. The petitioner was entitled to an opportunity to rebut this presumption, however, and she attempted to do so by filing the motion to open the judgment and the subsequent affidavit and motions to reargue pursuant to § 52-212 (a). The respondent argues that this court "may assume that the habeas court considered and rejected the affidavit offered by the petitioner in support of her alleged lack of notice . . . ." In this case, however, whether there was reasonable cause for the petitioner's failure to appear depends on whether she received written notice of the November 2, 2018 proceeding. The petitioner should have been afforded a hearing, in which she could present evidence to rebut the presumption that she did receive notice. We, therefore, conclude that the habeas court improperly denied the petitioner's motion to open the judgment of dismissal without conducting a proper hearing. Accordingly, we remand the case for a factual determination as to whether the petitioner knew or should have known of the November 2, 2018 status conference and, thus, whether the judgment of dismissal should be opened.

The habeas court's denial of the motion to open is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The petitioner was convicted, after a jury trial, of attempt to commit larceny in the first degree in violation of General Statutes §§ 53a-122 and 53a-49; larceny in the third degree in violation of General Statutes § 53a-124; two counts of larceny in the fifth degree in violation of General Statutes § 53a-125a; identify theft in the first degree in violation of General Statutes § 53a-129b; three counts of identity theft in the third degree in violation of General Statutes § 53a-129d; two counts of attempt to commit illegal use of a credit card in violation of General Statutes §§ 53a-128d and 53a-49; two counts of illegal use of a credit card in violation of § 53a-128d; and two counts of forgery in the third degree in violation of General Statutes § 53a-140. She received a total effective sentence of ten years of incarceration, execution suspended after five years, and four years of probation. These convictions were affirmed on direct appeal. *State* v. *Bozelko*, 119 Conn. App. 483, 486–87, 987 A.2d 1102, cert. denied, 295 Conn. 916, 990 A.2d 867 (2010).

Subsequently, the petitioner filed her first petition for a writ of habeas corpus claiming ineffective assistance of her criminal trial counsel, which was denied by the habeas court. The petitioner appealed the habeas court's judgment, claiming that it had erred in denying her claim that her criminal trial counsel was ineffective for failing to investigate effectively. See *Bozelko* v. *Commissioner of Correction*, 162 Conn. App. 716, 717, 133 A.3d 185, cert. denied, 320 Conn. 926, A.3d 458 (2016). The petitioner filed a second habeas petition, which is at issue before us, alleging ineffective assistance of her first habeas counsel.

[2] The proceedings were not conducted on the record.

[3] The following colloquy occurred:

"[The Respondent's Counsel]: [The petitioner] has [been] fully discharged. She's not on probation. She's not on parole. She is out. She did not appear last time and we gave her the benefit of the doubt by continuing her matter one month. May I move for dismissal?

"The Court: Give me one moment. Okay. Again, court's reviewing the file. Doesn't appear that there, at least any correspondence in the file. Anything that the clerk is aware of?"

"The Clerk: There are no new filings since September, Judge.

"The Court: Okay. Okay. Again, given the standard notification that goes out, the court will order the matter dismissed based on the petitioner's failure to appear."

[4] The court treated the second motion to reargue as a request for reconsideration of the judgment of dismissal, the denial of the motion to open the judgment, and the denial of the first motion to reargue.

[5] Although the petitioner does not phrase her argument in this manner, the arguments and assertions put forth by the petitioner in her main appellate brief and reply brief—"[p]etitioner moved several times for the opportunity to present evidence against that presumption and was not allowed to do so"—make clear she is challenging the lack of an opportunity to present evidence.

[6] The affidavit contains largely the same assertions as those included in the petitioner's motion to open the judgment.

[7] The order denying the motion to open stated that "[a]ll notices for the [November 2, 2018] status conference were properly addressed to the petitioner's current address." All further attempts by the petitioner to show lack of receipt were summarily denied by the court.

[8] The notice provided in relevant part the following: "[November 2, 2018] at 10 a.m. Counsel and self-represented petitioners are ordered and required to attend a status conference on the above date and time at 20 Park [Street], Rockville, [Connecticut], to discuss the status of the pleadings. . . . Counsel's failure to appear or self-represented petitioner's failure to appear via video may result in sanctions, judgment of dismissal or default."