## STATE OF CONNECTICUT *v.* GARY JONES
### (AC 26925)

Flynn, C. J., and Harper and Rogers, Js.

Submitted on briefs September 25—officially released December 19, 2006

*Gary Jones*, pro se, the appellant (defendant), filed a brief.

*Kevin T. Kane*, state's attorney, and *John P. Gravalec-Pannone*, senior assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

FLYNN, C. J. The pro se defendant, Gary Jones, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly imposed two consecutive sentences for the offenses of attempt to commit murder and assault in the first degree, thereby subjecting him to multiple punishments for the same offense in violation of the constitutional protection against double jeopardy.[1] The state argues that the doctrines of collateral estoppel and res judicata preclude the relitigation of the defendant's claim in this appeal. We agree with the state and affirm the judgment of the trial court. Because we conclude that the defendant's claim is barred by the doctrine of res judicata, we do not review the merits of his claim.

---

[1] In his brief, the defendant specifically argues that his protection against double jeopardy was violated because (1) the "[a]ssault [c]onviction was satisfied with his conviction for [a]ttempted [m]urder," and (2) "the state legislature did not intend multiple punishments for a single transaction."

The following facts and procedural history are relevant to our disposition of the defendant's appeal. On July 30, 1991, a police officer, patrolling in her police cruiser, observed the defendant standing in front of an apartment building on Tilley Street in New London. The officer informed the defendant that he could not loiter in front of the building. After driving away, the officer recalled that there might have been an outstanding arrest warrant for the defendant. Subsequently, the officer confirmed that an outstanding arrest warrant existed for the defendant and sought the assistance of two other officers.

When the two additional police officers arrived, the defendant was located in the backyard of the apartment building and, upon observing the approaching police officers, fled into the building. The defendant ran up the stairway to an apartment on the third floor of the building, and one of the police officers followed him. Initially, the defendant braced himself against the apartment door, effectively preventing the officer from gaining entry. When the defendant finally opened the door, he fired four gunshots, three of which struck the police officer. The officer, while bleeding from his leg and hand, retreated down the stairs, collapsing in front of the apartment building. The defendant was apprehended the next day.

The state charged the defendant in a substitute information with attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2)[2] and 53a-54a,[3] assault

[2] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[3] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

in the first degree in violation of General Statutes § 53a-59 (a) (1),[4] assault in the first degree in violation of General Statutes § 53a-59 (a) (3),[5] attempt to escape from custody in violation of General Statutes §§ 53a-49 (a) (2)[6] and 53a-171,[7] and criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1) (A).[8] Following a jury trial, the defendant was found guilty on December 11, 1992, of attempt to commit murder, assault in the first degree and criminal mischief in the third degree. Thereafter, on January 19, 1993, on the offense of attempt to commit murder, the court, *Leuba, J.*, sentenced the defendant to twenty years incarceration. The defendant also was sentenced to twenty years incarceration, consecutive to the other prison term of twenty years, for the offense of assault in the first degree pursuant to § 53a-59 (a) (1). Finally, on the offense of criminal mischief in the third degree, the court imposed a sentence of six months incarceration to run consecutively to the other two sentences previously imposed for a total effective sentence of forty years and six months incarceration.[9]

---

[4] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[5] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

[6] See footnote 2.

[7] General Statutes § 53a-171 (a) provides in relevant part: "A person is guilty of escape from custody if such person (1) escapes from custody . . . ."

[8] General Statutes § 53a-117 (a) provides in relevant part: "A person is guilty of criminal mischief in the third degree when, having no reasonable ground to believe that he has a right to do so, he: (1) Intentionally or recklessly (A) damages tangible property of another . . . ."

[9] The court also ordered that these sentences run consecutively to a previously imposed sentence for which the defendant already was incarcerated.

On or about February 5, 1993, the defendant filed an appeal from the judgment of conviction, claiming, in part, that the court had improperly imposed consecutive sentences for the offenses of attempt to commit murder and assault in the first degree because these "two crimes . . . arose from the same criminal episode." This court affirmed the judgment in a per curiam opinion on February 1, 1994; *State* v. *Jones*, 33 Conn. App. 934, 935, 636 A.2d 882 (1994) (*Jones I*); and the defendant did not seek certification to appeal to our Supreme Court. The defendant also filed a motion in the trial court to correct the sentence, dated February 5, 1993, arguing that his sentence should run concurrently rather than consecutively because the "two crimes for which the defendant was convicted arose from the same criminal episode." After a hearing on February 23, 1993, the court denied[10] the motion to correct the sentence.[11]

Approximately one decade later, on June 10, 2004, the defendant filed a second motion to correct an illegal

[10] In denying the defendant's motion to correct the sentence, the court concluded that cumulative sentences could be imposed for attempt to commit murder and assault in the first degree. With respect to the defendant's contention that the sentences should not run consecutively for crimes arising out of a single course of conduct or transaction, the court found *State* v. *Gilchrist*, 24 Conn. App. 624, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991), instructive. In that case, this court held that "[w]hen two separate statutory offenses are charged, one not being a lesser included offense of the other, and cumulative punishment is authorized by the legislature, cumulative punishments may be imposed at the conclusion of a single trial regardless of whether the acts of the defendant are divisible, as long as they are part of the same transaction." Id., 630.

[11] It does not appear that the defendant filed an amended appeal form to include the denial of his motion to correct the sentence in his then pending appeal. Although the defendant filed a motion to amend his transcript order on September 10, 1993, with this court, which subsequently was granted on September 17, 1993, counsel for both parties did not mention the denied motion to correct the sentence at oral argument before this court on January 11, 1994. In any event, whether the defendant appealed from the denial of the motion to correct the sentence is not crucial to the outcome of the defendant's present appeal because he had the opportunity in the first appeal to litigate the very issue he seeks to litigate again.

sentence, alleging that his constitutional protection against double jeopardy was violated by the imposition of multiple punishments for the same offense. The defendant argued that consecutive sentences should not have been imposed for the crimes of attempt to commit murder and assault in the first degree because these two charged crimes arose from a single transaction. Following a hearing on the defendant's motion, the court, *Clifford, J.*, denied the motion to correct an illegal sentence. This appeal followed.

On appeal, the defendant claims that the court improperly denied his motion to correct an illegal sentence because his sentences should be concurrent, rather than consecutive. Specifically, the defendant claims that the imposition of consecutive sentences violates his constitutional protection against double jeopardy under the fifth and fourteenth amendments to the United States constitution, which prohibit multiple punishments for the same offense, because the charged crimes of attempt to commit murder and assault in the first degree, having arisen out of a single transaction, are the same offense. The state argues that the defendant is collaterally estopped[12] and barred by the principle of res judicata from litigating this claim in the present action because it has been litigated in a prior proceeding. We agree with the state that the doctrine of res judicata, or claim preclusion, precludes the relitigation of the defendant's claim in this appeal.

"The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party

---

[12] "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Internal quotation marks omitted.) *State* v. *Knight*, 266 Conn. 658, 663–64, 835 A.2d 47 (2003). "[C]ollateral estoppel precludes a party from relitigating issues and facts *actually* and *necessarily* determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." (Emphasis in original; internal quotation marks omitted.) *State* v. *Joyner*, 255 Conn. 477, 489–90, 774 A.2d 927 (2001).

should not be able to relitigate a matter which it already has had an opportunity to litigate." (Internal quotation marks omitted.) *State* v. *Ellis*, 197 Conn. 436, 466, 497 A.2d 974 (1985). Both of the doctrines "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." Id., 465. It is well settled that the principles of collateral estoppel and res judicata apply to criminal as well as to civil cases. *Asherman* v. *State*, 202 Conn. 429, 440, 521 A.2d 578 (1987); *State* v. *Wilson*, 180 Conn. 481, 486, 429 A.2d 931 (1980).

Pursuant to the doctrine of res judicata, "a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . Nonetheless, in applying the doctrine of res judicata to a defendant's constitutional claim, special policy considerations must be taken into account. The interest in achieving finality in criminal proceedings must be balanced against the interest in assuring that no individual is deprived of his liberty in violation of his constitutional rights. . . . Whether two claims in a criminal case are the same for the purposes of res judicata should therefore be considered in a practical frame and viewed with an eye to all the circumstances of the proceedings." (Citations omitted; internal quotation marks omitted.) *State* v. *Aillon*, 189 Conn. 416, 423–25, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983).

Although the defendant couches his claim in this appeal as one sounding in a violation of his constitutional protection against double jeopardy, we conclude that the defendant is barred from bringing a double jeopardy claim in this appeal pursuant to the doctrine of res judicata. In order to explain why res judicata

precludes the defendant from litigating this claim on appeal, we begin with a brief discussion of the law underlying a claim of double jeopardy.

The constitutional protection against double jeopardy[13] "prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense in a single trial. . . . With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." (Citations omitted; internal quotation marks omitted.) *State* v. *Greco*, 216 Conn. 282, 290, 579 A.2d 84 (1990).

When considering a defendant's claim of an alleged violation of his protection against double jeopardy, occurring within a single trial, we engage in a two step process. *State* v. *Culver*, 97 Conn. App. 332, 337, 904 A.2d 283, cert. denied, 280 Conn. 935, 909 A.2d 961 (2006). "First the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) Id.

"The traditional approach to analyzing whether two offenses constitute the same offense was set forth in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other

---

[13] "The double jeopardy clause of the fifth amendment to the United States Constitution provides: '[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment." *State* v. *Greco*, 216 Conn. 282, 289, 579 A.2d 84 (1990).

does not. . . . In conducting this inquiry, we look only to the relevant statutes, the information, and the bill of particulars, not to the evidence presented at trial."[14] (Citations omitted; internal quotation marks omitted.) *State* v. *Greco*, supra, 216 Conn. 291.

The basis for application of the doctrine of res judicata to the defendant's claim on appeal in the present case derives from the defendant's previous claim that he asserted in the direct appeal from his conviction.[15] In *Jones I*, the defendant argued on appeal that the court improperly sentenced him to consecutive terms for the two charged offenses of attempt to commit murder and assault in the first degree because they arose from the same episode or transaction. In response, the state contended that pursuant to *State* v. *Gilchrist*, 24 Conn. App. 624, 630, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991), the court could impose consecutive sentences for those crimes "regardless of whether the acts of the defendant are divisible, as long as they are part of the same transaction."[16]

---

[14] "The *Blockburger* test is a rule of statutory construction, and because it serves as a means of discerning [legislative] purpose the rule should not be controlling where . . . there is a clear indication of contrary legislative intent. . . . The determinative question is whether the legislature intended the offenses to be separate." (Citation omitted; internal quotation marks omitted.) *State* v. *Servello*, 80 Conn. App. 313, 322, 835 A.2d 102 (2003), cert. denied, 267 Conn. 914, 841 A.2d 220 (2004).

[15] Of note, the defendant's claim in his 1993 appellate brief, arguing against the imposition of consecutive sentences for the offenses of attempt to commit murder and assault in the first degree, is identical to the one stated in the defendant's memorandum in support of his February 5, 1993 motion to correct the sentence. Consequently, for the purpose of explicating the predicate for applying res judicata to the defendant's claim in the present appeal, we refer only to the documents filed for consideration in the defendant's appeal, dated February 5, 1993, and decided by this court on February 1, 1994.

[16] The state also asserted in its brief that the defendant "[did] not contend, nor could he, that his convictions for attempted murder and assault in the first degree are invalid" because our Supreme Court, applying the *Blockburger* test, has held the offenses of "attempted murder and assault

At oral argument before this court in *Jones I*, the defendant stated that he was not claiming that his protection against double jeopardy was violated. This court then queried the defendant during his oral argument as to whether he was hinting at a double jeopardy claim in his appeal. In response, the defendant acknowledged that he was hinting at a double jeopardy claim but that our Supreme Court in *State* v. *Sharpe*, 195 Conn. 651, 655–56, 491 A.2d 345 (1993), established that a defendant could be convicted of both attempt to commit murder and assault in the first degree without violating the double jeopardy clause, as these two crimes did not constitute the same offense. After reviewing the briefs submitted by counsel, as well as hearing oral argument, this court affirmed the judgment of conviction. See *Jones I*, supra, 33 Conn. App. 935.

The applicability of res judicata principles depends on whether the present claim is sufficiently similar to the previous claim to warrant our giving preclusive effect to the prior judgment. See *State* v. *Aillon*, supra, 189 Conn. 426; *State* v. *Richardson*, 86 Conn. App. 32, 38, 860 A.2d 272 (2004), cert. denied, 273 Conn. 907, 868 A.2d 748, cert. denied, 545 U.S. 1107, 125 S. Ct. 2550, 162 L. Ed. 2d 281 (2005). In *State* v. *Aillon*, supra, 426–29, our Supreme Court precluded the defendant from asserting a double jeopardy claim a second time, despite the fact that the defendant supported the subsequent double jeopardy claim with a new argument. The factual basis for the defendant's previous unsuccessful claim of double jeopardy was a judge's improper contact with a juror in the defendant's first trial. Id., 426. In the defendant's subsequent double jeopardy claim, he again relied on the same facts and sought to supplement his claim with evidence purporting to show that the judge's bad faith operated to foreclose his right to

in the first degree are not the same offense for double jeopardy purposes." *State* v. *Sharpe*, 195 Conn. 651, 656, 491 A.2d 345 (1985).

have his guilt or innocence determined by the particular tribunal summoned to sit in judgment of him. Id. After stating that a "slight shift in evidentiary basis and substantive theory of law does not constitute a new claim," our Supreme Court found the defendant's two double jeopardy claims to be sufficiently similar and concluded that res judicata barred the defendant from relitigating his claim of double jeopardy. Id. The Supreme Court further noted "[t]hat identical grounds for relief may be supported by different factual allegations or different legal arguments or couched in different language renders those grounds no less identical." Id., 427.

In the present appeal, as in *Jones I*, the defendant contends that the court improperly imposed consecutive sentences for the two charged crimes because the crimes of attempt to commit murder and assault in the first degree arose from a single transaction. In the present case, however, the defendant refers to his claim as one alleging a violation of double jeopardy. Although the defendant argues that he is not precluded under the principles of res judicata from asserting his double jeopardy claim in the present appeal, we conclude that the defendant is advancing the same claim as he did in *Jones I*, supported by an additional legal theory. The linchpin common to *Jones I* and the present appeal is a claim that the defendant could not receive separate consecutive sentences for the crimes of attempt to commit murder and assault in the first degree. It is well established that "[t]he rule of claim preclusion prevents reassertion of the same claim even though additional or different . . . legal theories [may] be advanced in support of it." (Internal quotation marks omitted.) *State v. Ellis*, supra, 197 Conn. 464.

To the extent that the defendant raises an additional nuance of double jeopardy law in this appeal, namely, the intent of the legislature, we are constrained to

observe that the defendant could have raised this argument in the prior proceeding. See id., 463. Furthermore, the defendant failed to allege a valid reason as to why he could not have brought the present claim when the prior one was brought. See *State* v. *Aillon*, supra, 189 Conn. 427; see also *State* v. *Richardson*, supra, 86 Conn. App. 39.

We are cognizant of the fact that in criminal proceedings, the interest in achieving finality, which the doctrine of res judicata aims to achieve, must be "balanced against the interest in assuring that no individual is deprived of his liberty in violation of his constitutional rights." *State* v. *Aillon*, supra, 189 Conn. 425. Nevertheless, res judicata bars the relitigation, in this appeal of the claim, which the defendant has litigated fully and finally in the prior proceeding. Therefore, we will not review the defendant's claim, which he raised a second time in the appeal from the court's denial of his June 10, 2004 motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.