STATE OF CONNECTICUT *v.* DERECK THOMAS
(AC 33047)

DiPentima, C. J., and Gruendel and Dupont, Js.

Argued April 12—officially released September 4, 2012

*Susan M. Hankins*, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Seth R. Garbarsky*, assistant state's attorney, for the appellee (state).

DiPENTIMA, C. J. The defendant, Dereck Thomas, appeals from the judgment of conviction rendered by the trial court after his plea of nolo contendere. On appeal, the defendant claims that the court violated his rights to due process and protection against double jeopardy by (1) failing to sentence him in accordance with the plea agreement, (2) vacating his accepted plea and (3) failing to follow the mandatory provisions of the rules of practice. Because our Supreme Court determined in the interlocutory appeal of the defendant that jeopardy did not attach to the court's conditional acceptance of the defendant's plea and has addressed all of the issues raised in this appeal, we conclude that the defendant's claims are barred by the doctrines of res judicata and collateral estoppel. See *State* v. *Thomas*, 296 Conn. 375, 397, 995 A.2d 65 (2010). We therefore affirm the judgment of the trial court.

The following relevant factual and procedural history was set forth by our Supreme Court in *State* v. *Thomas*, supra, 296 Conn. 375. "The defendant, a forty-seven year old male, engaged in both oral and vaginal sexual intercourse with the fifteen year old victim on four separate occasions in the spring of 2005. The state charged the defendant with four counts of sexual assault in the second degree in violation of General Statutes § 53a-71,[1] and four counts of risk of injury to

---

[1] General Statutes § 53a-71 provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than three years older than such other person . . . .

"(b) Sexual assault in the second degree is a class C felony or, if the victim of the offense is under sixteen years of age, a class B felony, and any person found guilty under this section shall be sentenced to a term of imprisonment of which nine months of the sentence imposed may not be suspended or reduced by the court." "Although § 53a-71 was amended by No. 07-143, § 1, of the 2007 Public Acts, those amendments have no bearing on the merits of this appeal. For convenience, we refer to the current revision of the statute." *State* v. *Thomas*, supra, 296 Conn. 378 n.2.

a child in violation of General Statutes § 53-21 (a).[2] Thereafter, the state and the defendant entered into plea negotiations in which the court, *Rubinow, J.*, participated. Instead of the state's offer of ten years imprisonment, suspended after five years served, the court indicated that it would accept five years imprisonment, suspended after one year served, and ten years of probation. Pursuant to the court's recommendation, the defendant pleaded guilty to one count of sexual assault in the second degree and one count of risk of injury to a child, and the state agreed to nolle the remaining six felony charges at the time of sentencing. During the plea canvass, the court explained to the defendant that 'the sentence [it would] *likely impose* [would] be five years in jail suspended after you serve one full year in jail, but that *the victim's position may affect the court* so that you do the minimum mandatory nine months instead of the potential maximum sentence.' . . . The court further emphasized that 'any credit against that one year would be based upon whether or not the victim was willing to make an appropriate statement to the court, as there have been great inconsistencies between the state's understanding of the victim's position and the position that was identified by the public defender.' The court subsequently accepted the defendant's guilty plea, ordered a presentence investigation at the behest of the defendant and continued the matter for sentencing.

"The presentence investigation revealed new and important information that had not been available to

---

[2] General Statutes § 53-21 provides in relevant part: "(a) Any person who . . . (2) has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a . . . class B felony . . . ." "Although § 53-21 was amended by No. 07-143, § 4, of the 2007 Public Acts, those amendments have no bearing on the merits of this appeal. For convenience, we refer to the current revision of the statute." *State* v. *Thomas*, supra, 296 Conn. 378 n.3.

the court at the time of the plea negotiations.[3] Specifically, the presentence investigation report disclosed that the defendant had provided the victim with alcohol prior to engaging in sexual relations with her, that the victim had attempted suicide and had engaged in self-mutilation in the months following the sexual assaults and that the victim thought the defendant should go to jail for 100 years. Consequently, on the basis of the presentence investigation report, the state requested that the plea be vacated, arguing that 'the defendant [should] be allowed to withdraw his pleas based on the fact that the [culpability revealed by the presentence investigation], in the state's view, is not commensurate with the sentence of one year.' After reviewing the presentence investigation report, the court decided to convene a hearing to provide the victim an opportunity to testify regarding the incidents in question, and it deferred ruling on the state's motion to vacate the defendant's plea. In order to satisfy the mandate of article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and nineteen of the amendments, which is commonly known as the victims' rights amendment, the court stated that it would not 'impose sentence until it has extended to the [victim] an opportunity to be heard.' The defendant responded to the trial court's reluctance to sentence him in accordance with his initial plea bargain by filing a motion for specific performance of his plea agreement, which the court denied.

"The victim eventually appeared in court, answered all of the trial court's questions concerning her relationship with the defendant and provided the court with a

[3] Our Supreme Court noted that the trial court's "initial impression of the case was based on four letters written by the victim to the defendant just after the defendant's arrest, which defense counsel had provided to the trial court during plea negotiations. The presentence investigation report provided a more complete and current picture of the victim's perspective." *State* v. *Thomas*, supra, 296 Conn. 379 n.4.

better understanding of her position. The victim informed the court that the defendant had provided her with alcohol and performed sexual acts upon her while she was intoxicated, that in the wake of the defendant's crimes her acts of self-mutilation had intensified, that she eventually spent one year as a residential patient at a hospital and that the letters she wrote to the defendant, which the trial court had considered during the plea negotiations, did not represent the full extent of her 'mixed emotions about the whole situation.' The victim also expressed her belief that the defendant should be sentenced to ten years incarceration instead of the one year contemplated by the plea agreement. In light of the new information presented through the presentence investigation report and the victim's testimony, the court ultimately declined to impose the sentence contemplated in the plea agreement, vacated the defendant's guilty plea, noted pro forma pleas of not guilty on his behalf, and placed the matter on the trial list.

"Thereafter, the defendant filed a motion to dismiss the information, arguing that reinstatement of the original criminal charges would violate the constitutional guarantee against double jeopardy. He also claimed that, once the court accepted the guilty plea, it was bound to enforce the plea agreement. The court denied the motion, reasoning that the court is not bound to impose a sentence that was conditionally agreed upon prior to the preparation of a presentence investigation report and that, for double jeopardy purposes, a judgment is not rendered until a sentence is actually imposed." (Emphasis in original.) *State* v. *Thomas,* supra, 296 Conn. 377–81.

In August, 2008, the defendant filed an interlocutory appeal from the denial of his motion to dismiss. Id., 377. Our Supreme Court rejected the defendant's double jeopardy claim, concluding that "[b]ecause this case

does not meaningfully implicate any policy considerations underlying the double jeopardy clause, we hold that jeopardy did not attach to the trial court's conditional acceptance of the defendant's plea." Id., 397. Our Supreme Court declined to address the defendant's claim that the trial court's refusal to enforce the plea agreement violated his right to due process because the defendant did not appeal from a final judgment. Id., 381 n.6. Our Supreme Court noted, however, that "the defendant remains free to negotiate a new plea agreement, and, if he is dissatisfied with its parameters, the defendant may pursue his specific performance claim after the court imposes a sentence and renders a final judgment." Id.

In October, 2010, the defendant entered a plea of nolo contendere to one count of sexual assault in the second degree and one count of risk of injury to a child. The defendant's plea was conditioned on his right to appeal from the denial of his motion to dismiss in order to pursue the due process claim that our Supreme Court did not reach. On November 29, 2010, the court sentenced the defendant to a total effective term of ten years imprisonment, execution suspended after sixteen months, followed by ten years of probation. In January, 2011, the defendant filed the present appeal challenging the court's denial of his motion to dismiss and his motion for specific performance.

I

The defendant claims that the court violated his right to protection against double jeopardy by improperly (1) failing to sentence him in accordance with the plea agreement, (2) vacating his accepted plea and (3) failing to follow the mandatory provisions of the rules of practice. Specifically, the defendant argues that because our Supreme Court in *State* v. *Thomas*, supra, 296 Conn. 397 n.15, limited its holding to a "determination that

the mere acceptance of a defendant's guilty plea does not, in and of itself, trigger double jeopardy protection," he now can challenge the trial court's denial of his motion to dismiss on double jeopardy grounds under the errors raised in this appeal. To the contrary, our Supreme Court's central holding was that jeopardy did not attach to the trial court's conditional acceptance of the defendant's plea.[4] We therefore conclude that the defendant's claim is barred by the doctrine of res judicata.

"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter [that] was offered to sustain the claim, but also as to any other admissible matter [that] might have been offered for that purpose. . . .

"[I]n applying the doctrine of res judicata to a [criminal] defendant's constitutional claim, special policy considerations must be taken into account. The interest in achieving finality in criminal proceedings must be balanced against the interest in assuring that no individual is deprived of his liberty in violation of his constitutional rights. . . . Whether two claims in a criminal case are the same for the purposes of res judicata should therefore be considered in a practical frame and viewed with an eye to all the circumstances of the proceedings. . . . Because the doctrine has dramatic consequences for the party against whom it is applied . . . we should be careful that the effect of the doctrine does not work an injustice. . . .

---

[4] As to our Supreme Court's footnote stating that its holding is limited to a determination that the "mere acceptance of a defendant's guilty plea does not, in and of itself, trigger double jeopardy protection," this statement merely supports the court's conclusion that double jeopardy did *not* attach in this case because the trial court *conditionally* accepted the defendant's plea. *State* v. *Thomas*, supra, 296 Conn. 397 n.15.

"In the criminal context, the doctrine's application depends on whether the present claim is *sufficiently similar* to the previous claim to warrant [the] giving [of] preclusive effect to the prior judgment. . . . [A] slight shift in evidentiary basis and substantive theory of law does not constitute a new claim. . . . That identical grounds for relief may be supported by different factual allegations or different legal arguments or couched in different language renders those grounds no less identical." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Long*, 301 Conn. 216, 236–39, 19 A.3d 1242, cert. denied, U.S. , 132 S. Ct. 827, 181 L. Ed. 2d 535 (2011).

In *State* v. *Thomas*, supra, 296 Conn. 377, the defendant argued to our Supreme Court that "jeopardy attached at the moment the trial court accepted his guilty plea and, therefore, the trial court's subsequent decision to vacate his guilty plea and schedule his case for trial violates the prohibition against double jeopardy." The state countered that jeopardy does not attach upon the mere acceptance of a guilty plea that the trial court, in its discretion, later vacates before imposing sentence, and our Supreme Court agreed with the state. Id., 381–82. In this appeal, the defendant similarly argues that his right to protection against double jeopardy was violated because the court improperly (1) failed to sentence him in accordance with the plea agreement, (2) vacated his accepted plea and (3) failed to follow the mandatory provisions of the rules of practice.[5] The defendant, essentially, makes the same claim

[5] We note that as to the defendant's argument that the court failed to follow the mandatory provisions of the rules of practice, this argument could have been raised before our Supreme Court in the context of his double jeopardy claim. See *State* v. *Jones*, 98 Conn. App. 695, 705–706, 911 A.2d 353 (2006), cert. denied, 281 Conn. 916, 917 A.2d 1000 (2007). The defendant, however, claimed only that the trial court's failure to articulate clearly the conditional nature of its acceptance of his plea, coupled with its subsequent decision to vacate his plea, constituted plain error. *State* v. *Thomas*, supra, 296 Conn. 394 n.14. Our Supreme Court rejected that argument. Id.

in the instant appeal that he made to our Supreme Court, namely, that the court's decision to vacate his accepted guilty plea violated the prohibition against double jeopardy.

"It is axiomatic that the Appellate Court is bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *State* v. *William C.*, 135 Conn. App. 466, 469 n.1, 41 A.3d 1205 (2012). Thus, to the extent that the defendant raises an additional nuance of double jeopardy law in this appeal, we are constrained to observe that the defendant could have raised this argument in the prior proceeding. Furthermore, the defendant failed to allege a valid reason as to why he could not have brought the present claim when the prior one was brought. See *State* v. *Jones*, 98 Conn. App. 695, 705–706, 911 A.2d 353 (2006), cert. denied, 281 Conn. 916, 917 A.2d 1000 (2007). Further, "[t]hat identical grounds for relief may be supported by different factual allegations or different legal arguments or couched in different language renders those grounds no less identical." *State* v. *Aillon*, 189 Conn. 416, 427, 456 A.2d 279 (applying doctrine of res judicata where defendant advanced two slightly different legal arguments in support of double jeopardy claim), cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983). Accordingly, we conclude that res judicata bars the relitigation of the defendant's double jeopardy claim.

II

The defendant also claims that, in refusing to grant specific performance of the plea agreement, the court violated his right to due process by (1) failing to sentence him in accordance with the plea agreement, (2)

vacating his accepted plea and (3) failing to follow the mandatory provisions of the rules of practice. We conclude that the defendant's claim is barred by the doctrine of collateral estoppel.[6]

"The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) *State* v. *Collazo*, 115 Conn. App. 752, 757, 974 A.2d 729 (2009), cert. denied, 294 Conn. 929, 986 A.2d 1057 (2010). Moreover, "[i]f an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. . . . For collateral estoppel to apply, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding." (Citation

[6] In *Thomas*, our Supreme Court declined to review the defendant's specific performance claim for lack of a final judgment because it did not satisfy the two prongs of the finality test in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). *State* v. *Thomas*, supra, 296 Conn. 381 n.6. The court noted that the defendant "remains free to negotiate a new plea agreement, and, if he is dissatisfied with its parameters, the defendant may pursue his specific performance claim after the [trial] court imposes a sentence and renders a final judgment." Id. We read our Supreme Court's statement only to establish that if the defendant were to bring a specific performance claim, that claim would not be dismissed for lack of a final judgment so long as the trial court imposes a sentence and renders a final judgment. We do not, as the defendant would have us do, read the statement so broadly as to constitute a conclusion by the court that such a claim would not be barred by the doctrine of collateral estoppel.

omitted; internal quotation marks omitted.) *State* v. *Joyner*, 255 Conn. 477, 490, 774 A.2d 927 (2001).

The defendant's claims all raise issues that fully and fairly were litigated in his prior appeal to our Supreme Court. First, as to the defendant's claims that the court improperly failed to sentence him in accordance with the plea agreement and improperly vacated his accepted plea, our Supreme Court decided identical issues in concluding that the defendant's right to protection against double jeopardy was not violated. The court reasoned: "We first consider whether the trial court's acceptance of the defendant's plea gave him an *expectation of finality* sufficient to trigger double jeopardy protection. . . . Here, the totality of circumstances surrounding the trial court's acceptance of the plea and continuation of the case for sentencing clearly indicated that *the case had not concluded.* Not only did the trial court lack authority to unconditionally accept the defendant's plea, but the defendant was *notified* that his ultimate sentence was *contingent upon the results of a presentence investigation as well as the victim's constitutionally required input.* Moreover, the rules of practice allow a trial court to abandon a previously accepted plea agreement due to the presentation of new information uncovered by a presentence investigation report, impose a harsher sentence and give the defendant the option of withdrawing his plea. . . . Thus, the defendant could not *reasonably have believed* that his prosecution would be complete until he was sentenced and all of the remaining charges against him were dismissed. In sum, *the defendant did not have a reasonable expectation of finality in his plea agreement* because the trial court's acceptance of his plea was conditional rather than unequivocal." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *Thomas*, supra, 296 Conn. 393–95.

Here, the defendant argues that the court improperly vacated his accepted plea because the court failed to follow the rules of practice and because "[t]he defendant was not advised, even in the generalities of the rules, that the disposition of his charges was *not settled* and his sentence parameters not finalized." (Emphasis added.) The defendant also argues that the court improperly refused to sentence him in accordance with the plea agreement because he pleaded guilty "in reliance on the trial court's promise" that he would receive the bargained for sentence. These issues were litigated and decided when our Supreme Court determined that the defendant did not have a reasonable expectation of finality in his plea agreement. See *State* v. *Collazo*, supra, 115 Conn. App. 756–57 (applying collateral estoppel where this court made prior determination that trial court properly denied defendant's motion for competency examination); *State* v. *Bonner*, 110 Conn. App. 621, 632, 955 A.2d 625 (determination in murder case that probable cause to arrest existed collaterally estopped defendant's motion to suppress in separate case for possession of drugs), cert. denied, 289 Conn. 955, 961 A.2d 421 (2008).

Second, as to the defendant's claim that the court violated the mandatory provisions of the rules of practice,[7] our Supreme Court concluded that the court's ruling did not constitute plain error. The court stated that "despite the trial court's imprecise application of the rules of practice, the trial court *mitigated* any potential harm to the defendant by vacating the defendant's plea. The court's decision to vacate the plea placed the

[7] The defendant, in particular, notes Practice Book § 39-9, which provides that "[i]f the case is continued for sentencing, the judicial authority shall inform the defendant that a different sentence from that embodied in the plea agreement may be imposed on the receipt of new information or on sentencing by another judicial authority, but that if such a sentence is imposed, the defendant will be allowed to withdraw his or her plea in accordance with Sections 39-26 through 39-28."

defendant *in the position he occupied before the court accepted his plea,* thereby restoring the rights the defendant initially waived by pleading guilty." (Emphasis added.) *State* v. *Thomas,* supra, 296 Conn. 394 n.14. Although not raised within the context of the defendant's double jeopardy claim, this issue was fully and fairly litigated before our Supreme Court.

Accordingly, we conclude that the issues raised in this appeal are identical to those raised before our Supreme Court in the defendant's previous appeal, and that those issues were both actually and necessarily determined. "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Internal quotation marks omitted.) *State* v. *Joyner,* supra, 255 Conn. 490. Therefore, we conclude that the defendant's due process claim is barred by the doctrine of collateral estoppel.

The judgment is affirmed.

In this opinion the other judges concurred.