### IN RE SAMANTHA S.*
### (AC 30197)

Lavine, Robinson and Pellegrino, Js.

Argued October 14, 2009—officially released April 27, 2010

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*David B. Rozwaski*, for the appellant (respondent father).

*Tammy Nguyen-O'Dowd*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Rosemarie T. Weber*, for the minor child.

*Opinion*

PER CURIAM. The respondent father appeals from the judgment of the trial court denying his motion to open the judgment of voluntary termination of his parental rights as to his daughter rendered pursuant to General Statutes § 17a-112 (i).[1] On appeal, the respondent argues that the court improperly concluded that his voluntary decision to terminate his parental rights was not the result of mutual mistake.[2] Because we conclude that the record is inadequate for our review, we affirm the judgment of the trial court.

---

[1] Although the petition for termination of parental rights also was filed against the child's mother, it was subsequently withdrawn following her death on April 27, 2007. We therefore refer in this opinion to the respondent father as the respondent.

[2] The respondent also appears to claim that the court should have found that opening the judgment was in the best interest of the child. We do not review this claim because the record is inadequate for us to review. See *In re Christopher G.*, 118 Conn. App. 569, 576 n.10, 984 A.2d 1111 (2009) (notwithstanding requirement in General Statutes § 45a-719 for court to consider best interest of child when ruling on motion to open judgment terminating parental rights, court not required to undertake best interest of child analysis if respondent does not meet initial threshold to open judgment).

The following facts and procedural history are relevant to our resolution of the respondent's appeal. On February 6, 2007, Samantha was adjudicated neglected and committed to the custody of the petitioner, the commissioner of children and families. Alleging that the respondent had failed to achieve a sufficient degree of personal rehabilitation, the petitioner filed a petition for termination of the respondent's parental rights on February 27, 2007. The court began hearing evidence with respect to the petition for termination of parental rights on May 13, 2008. The respondent, however, entered into a stipulated agreement with the petitioner on May 14, 2008, in which he agreed to consent to the termination of his parental rights, and the petitioner agreed to allow the respondent and his mother limited contact with the child during the time that the petitioner was the statutory parent. After thoroughly canvassing the respondent, the court found by clear and convincing evidence that the respondent's consent had been knowingly and voluntarily made with the assistance of counsel and that he fully understood the legal consequences of his actions. The court then received additional evidence regarding the child's best interest and found by clear and convincing evidence that terminating the respondent's parental rights was in the child's best interest. Accordingly, the court appointed the petitioner as the statutory parent on May 14, 2008.

The respondent filed a motion to open the judgment terminating his parental rights on May 20, 2008; see General Statutes § 45a-719;[3] claiming that his consent

[3] General Statutes § 45a-719 provides in relevant part: "The court may grant a motion to open or set aside a judgment terminating parental rights pursuant to section 52-212 or 52-212a or pursuant to common law or may grant a petition for a new trial on the issue of the termination of parental rights, provided the court shall consider the best interest of the child, except that no such motion or petition may be granted if a final decree of adoption has been issued prior to the filing of any such motion or petition. . . ." A common-law motion to open must be predicated on fraud, duress or mutual mistake. See *In re Travis R.*, 80 Conn. App. 777, 781 n.5, 838 A.2d 1000, cert. denied, 268 Conn. 904, 845 A.2d 409 (2004).

to that termination was not knowing because it was predicated on a mutual mistake. Specifically, the respondent argued that his consent was made before he learned that the department of children and families (department) had agreed to consider his petition for a declaratory ruling as to whether General Statutes § 46b-129 (k) (4) places an affirmative obligation on the department to seek adoptive parents who would be receptive to an open adoption agreement.[4] Although the respondent indicated to the trial court during oral argument that the child's preadoptive parent recently agreed to adopt her and averred that the petitioner may have fraudulently misled the respondent to believe that such an adoption was not imminent to induce him to consent to the termination of his parental rights, the respondent declined to formally make that argument.[5] Moreover, the court did not consider the argument in denying the respondent's motion to open judgment. The court denied the respondent's motion to open the judgment on July 23, 2008, holding that the respondent's "imperfect knowledge of a declaratory ruling that [would involve] the placement of the child after termination" did not "constitute a defense to [that] court's ultimate decision to terminate [the respondent's] parental rights."

On appeal, the respondent does not challenge the trial court's decision that his imperfect knowledge of

[4] On March 9, 2008, the respondent filed a petition for a declaratory ruling under the auspices of General Statutes § 4-176, a provision of the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; that establishes a procedure for an administrative agency to clarify the regulations it is charged with enforcing.

[5] During oral argument on July 9, 2008, the following colloquy took place:

"The Court: I want to know, are you, in fact, making a claim of fraud against [the petitioner] by way of an oral motion?

"[The Respondent's Counsel]: I'm not comfortable doing it by oral motion. I would have to have more information. There's other information that I would like."

the department's decision to consider a declaratory ruling was not a valid justification for opening the judgment; he instead argues that his consent to terminate his parental rights was not knowing because he was not aware that the child's preadoptive family might adopt her within a short period of time. The petitioner, however, contends that there is an inadequate record for us to review that claim. We agree with the petitioner.

We first note that the respondent's claim on appeal is in actuality the fraud claim that he discussed with the trial court during oral argument, resurrected as a claim of mutual mistake. Furthermore, the court's decision is silent as to that claim. As our Supreme Court has stated, "we will not address issues not decided by the trial court." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998); see also *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims neither addressed nor decided by trial court not properly before reviewing court). Indeed, "[w]hen a trial court has not ruled on an issue before it, the appellant must file a motion for an articulation or rectification asking the court to rule on that matter." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005); see generally Practice Book § 66-5.

Moreover, speculation and conjecture have no place in appellate review. As we have often observed: "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the respondent's claim] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608–609, 710 A.2d 190 (1998). It is axiomatic that the appellant must provide this court with an adequate record for review.

See Practice Book § 61-10. In this case, the respondent declined to challenge the legal analysis underlying the court's denial of his motion to open the judgment and has raised on appeal an argument that he did not formally raise in the trial court.

The judgment is affirmed.