### IN RE SAMANTHA S.*
### (SC 18628)

Rogers, C. J., and Palmer, Zarella, McLachlan and Eveleigh, Js.

Argued February 8—officially released April 19, 2011

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*David B. Rozwaski,* for the appellant (respondent father).

*Tammy Nguyen-O'Dowd,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* former attorney general, and *Susan T. Pearlman,* assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. On February 27, 2007, the petitioner, the commissioner of children and families, filed a petition to terminate the parental rights of the respondent father[1] as to his minor child, Samantha S. Before the termination trial commenced, the respondent filed with the department of children and families (department), a petition for a ruling declaring that the department was obligated statutorily to seek adoptive parents who would be receptive to an open adoption agreement, which would allow him to have continued contact with his child. After the trial began, the respondent entered into a stipulated agreement in which he agreed to consent to the termination of his parental rights, and the petitioner agreed to allow the respondent and his mother limited contact with the child during the time the petitioner remained the child's statutory parent. On May 14, 2008, the trial court, after canvassing the respondent to ensure that his consent was valid and finding by clear and convincing evidence that termination was in the child's best interest, terminated the respondent's parental rights and appointed the petitioner as the child's statutory parent.

---

[1] The petition also sought to terminate the parental rights of the child's mother. Because the mother died on April 27, 2007, the petition against her was withdrawn. Accordingly, all references to the respondent in this opinion are to the father only.

Thereafter, the respondent learned that the department had agreed to consider his petition for a declaratory ruling regarding the department's purported duty to promote open adoptions. On May 20, 2008, the respondent filed a motion to open the termination judgment pursuant to General Statutes § 52-212a, based on his newfound awareness that his petition was to be heard and the possible effect of a declaratory ruling on his chance to secure an open adoption agreement. On July 23, 2008, the trial court denied the respondent's motion. Specifically, the court reasoned that the respondent's imperfect knowledge of the status of his petition for a declaratory ruling was not a defense to a termination petition that warranted opening the judgment[2] and, further, that the respondent had not presented any evidence that opening the judgment was in the child's best interest.[3]

The respondent appealed from the denial of his motion to open to the Appellate Court. *In re Samantha S.*, 120 Conn. App. 755, 994 A.2d 259 (2010). He did not challenge the trial court's reasoning for denying the motion, but argued instead that he did not validly consent to the termination of his parental rights because he was not aware that the adoption of his child was

---

[2] The trial court relied on Appellate Court jurisprudence applying the standard of General Statutes § 52-212 for opening default judgments to timely motions to open pursuant to § 52-212a. See *In re Baby Girl B.*, 224 Conn. 263, 285 n.16, 618 A.2d 1 (1992). Under that standard, a movant must show that: "(1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) Id., 284.

[3] Pursuant to General Statutes § 45a-719, "[t]he court may grant a motion to open or set aside a judgment terminating parental rights pursuant to section 52-212 or 52-212a or pursuant to common law . . . provided the court shall consider the best interest of the child . . . ." Section 52-212a authorizes civil judgments to be opened if a motion to open is filed within four months and applies to judgments terminating parental rights. *In re Baby Girl B.*, 224 Conn. 263, 287, 618 A.2d 1 (1992).

imminent. Id., 758–59. The Appellate Court agreed with the petitioner that the record was inadequate to review the respondent's claim because the trial court's decision was silent in regard to that claim.[4] Id., 759. The Appellate Court concluded that the record did not contain factual findings by the trial court that were necessary to address the respondent's claim as to lack of consent; id.; and further, that the record was inadequate to review whether opening the judgment was in the child's best interest, a claim that the respondent also appeared to raise. Id., 756 n.2. Accordingly, the Appellate Court affirmed the judgment. Id., 760.

We granted the respondent's petition for certification to appeal, limited to the following question: "Did the Appellate Court properly determine that the record in the present case was not adequate for review?" *In re Samantha S.*, 297 Conn. 913, 995 A.2d 955 (2010). The respondent now argues that the record is adequate for appellate consideration of his claim and, further, requests that we review that claim on its merits.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[4] Although the respondent at oral argument before the trial court had made a claim similar to the one he later raised on appeal, he thereafter declined to formally pursue it, and the trial court did not consider it in denying the motion to open. *In re Samantha S.*, supra, 120 Conn. App. 758 n.5.