MARY MARGARET FARREN *v.* J. MICHAEL FARREN
(AC 33996)

Robinson, Alvord and Sheldon, Js.

Argued January 14—officially released April 23, 2013

*J. Michael Farren*, pro se, with whom, on the brief, was *Timothy C. Moynahan*, for the appellant (defendant).

*Kenneth J. Bartschi*, with whom were *Brendon P. Levesque* and, on the brief, *Wayne D. Effron*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, J. Michael Farren, appeals from the trial court's rulings on various post-judgment motions. On appeal, the defendant claims that the court (1) abused its discretion in denying his motion to open and correct the judgment, (2) improperly denied his motion to determine the date of the filing of his motion to open and correct the judgment, and (3)

improperly denied his motion for an expedited order with respect to the distribution of benefits held in his supplemental executive retirement plan. We affirm the judgment of the trial court.

The record reveals the following facts, as found by the court or undisputed, and procedural history. The plaintiff, Mary Margaret Farren, commenced this dissolution action against the defendant on January 4, 2010. Following a trial, the court issued its memorandum of decision dissolving the marriage and entering orders with respect to, inter alia, the custody of the parties' minor children, child support payments and the division of assets. In the court's decision dated June 13, 2011, it made the following findings of fact: (1) both of the parties are well educated and have had highly successful careers; (2) the defendant served as general counsel for Xerox Corporation (Xerox) until his retirement from the company; (3) prior to the service of the dissolution complaint, the defendant subjected the plaintiff to abuse; (4) at the time the dissolution complaint was served, the plaintiff indicated that she would consider reconciling with the defendant provided that he consented to marital counseling; (5) on January 6, 2010, which was two days after the service of the dissolution complaint, the defendant brutally attacked the plaintiff with his fists and a flashlight; (6) at the time of the dissolution trial, the defendant was awaiting a civil trial for damages arising from the assault and a criminal trial for attempted murder and strangulation in the first degree; (7) the plaintiff's earning capacity had been "gravely compromised" by the assault; and (8) the defendant, although he had had a substantial earning capacity, voluntarily destroyed that earning capacity by his own wilful actions. After considering the relevant statutory provisions, the court, inter alia, entered the following orders as to the division of assets: "[T]he parties shall divide the net value of the partie[s'] assets,

real estate 75 [percent] to the plaintiff and 25 [percent] to the defendant (real estate, bank, checking, money market accounts, stocks, bonds, mutual funds, retirement plans, and education fund account, Xerox pension, federal pension). . . . The values assigned to these items shall be their respective value as of [the] date of judgment. Life insurance policies are not included in this division. The defendant shall retain his 55,000 Xerox stock options." (Citation omitted.) Notice of the judgment of dissolution was issued on June 16, 2011.

On July 7, 2011, which was twenty-one days after notice of the judgment had been given to the parties, the defendant filed a motion to open and correct the judgment.[1] Although the defendant attempted to file his motion to open the judgment on July 6, 2011, via facsimile transmission, he did not pay the requisite filing fee[2] for the motion until July 7, 2011. The clerk's office, which initially marked the motion as being filed on July 6, 2011, crossed out that initial marking and restamped the date of filing as July 7, 2011. On July 11, 2011, the plaintiff filed a motion to dismiss the defendant's motion to open the judgment, claiming that the motion was defective because it did not have a memorandum of law attached as required by Practice Book § 11-10.[3]

---

[1] The defendant filed his motion pursuant to Practice Book § 17-4.

[2] Practice Book § 17-4 (b) provides: "Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the judicial authority."

General Statutes § 52-259c (a) provides in relevant part: "There shall be paid to the clerk of the Superior Court upon the filing of any motion to open, set aside, modify or extend any civil judgment rendered in Superior Court a fee of seventy-five dollars for any housing matter, a fee of seventy-five dollars for any small claims matter and a fee of one hundred twenty-five dollars for any other matter . . . ."

[3] Practice Book § 11-10 provides in relevant part: "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions and requests . . . (4) motions to set aside judgment filed pursuant to Section 17-4 . . . ."

On July 12, 2011, the defendant filed a memorandum of law in support of his motion to open and correct the judgment, and, on July 15, he filed an objection to the plaintiff's motion to dismiss. On October 19, 2011, the court denied the defendant's motion to open and correct the judgment, granted the plaintiff's motion to dismiss and overruled the defendant's objection to the motion to dismiss.[4]

On August 9, 2011, the defendant filed a motion captioned: "Defendant's Motion for Determination of Date of Filing Re: Motion to Open and Correct the Judgment." In that motion, the defendant argued that even though the clerk's office had date-stamped the motion to open the judgment as being filed on July 7, 2011, the court should determine that it had been filed on July 6, 2011, because he had paid the filing fee less than twenty-four hours from the time that the motion was received by facsimile transmission on that date. On August 23, 2011, the plaintiff filed an objection to that motion. On October 19, 2011, the court sustained the plaintiff's objection to the defendant's motion to determine the date of filing of the motion to open and correct the judgment.[5]

On September 26, 2011, the defendant filed a motion captioned: "Defendant's Motion for Expedited Order Re: SERP Benefits." In that motion, the defendant requested the court to enter an order "releasing the defendant's Supplemental Executive Retirement Plan ('SERP') benefits currently retained by Xerox, the defendant's former employer." The defendant claimed that the benefits were income, not an asset, and therefore "[were] not subject to the [75 percent/25 percent] distribution of marital assets ordered by the [c]ourt." The plaintiff filed a motion to dismiss the defendant's

---

[4] No memorandum of decision accompanied these rulings.

[5] The court did not specifically rule on the defendant's motion. No memorandum of decision accompanied the court's ruling on the plaintiff's objection.

postjudgment motion on September 28, 2011, claiming that the defendant was seeking an order that would be contrary to the judgment of dissolution previously rendered by the court. On October 19, 2011, the court granted the plaintiff's motion to dismiss the defendant's motion for an expedited order with respect to the supplemental executive retirement plan benefits.[6]

On November 4, 2011, the defendant appealed from the "judgment" rendered "June 13, 2011,"[7] and the rulings issued October 19, 2011. In the defendant's preliminary statement of issues filed on November 9, 2011, the first three issues related to the dissolution judgment rendered on June 16, 2011,[8] and the last three issues related to the court's October 19, 2011 rulings on the postjudgment motions. By motion to dismiss filed with this court on November 14, 2011, the plaintiff claimed that the portions of the defendant's appeal that challenged the judgment of dissolution rendered on June 16, 2011, were not timely filed. On February 1, 2012, this court granted the plaintiff's motion to dismiss with respect to any claims relating to the June 16, 2011 dissolution judgment.[9]

On February 24, 2012, the defendant filed a motion for articulation of three of the court's rulings on the

---

[6] The court did not specifically rule on the defendant's motion. No memorandum of decision accompanied the court's ruling on the plaintiff's motion to dismiss.

[7] As previously noted, the memorandum of decision was dated June 13, 2011, but notice of that judgment was given to the parties on June 16, 2011.

[8] The defendant's first issue in his preliminary statement of issues was as follows: "Did the trial court abuse its discretion and commit reversible error by ordering a [75 percent/25 percent] distribution of marital assets?"

[9] On April 11, 2012, the defendant filed an amended preliminary statement of the issues on appeal. At that point, the plaintiff filed a motion to dismiss the defendant's appeal claiming that he was attempting to reintroduce issues already dismissed by this court in its order dated February 1, 2012. By order dated June 27, 2012, this court dismissed five of the eight issues set forth in the defendant's April 11, 2012 amended preliminary statement of issues on appeal.

parties' postjudgment motions and objections. On March 26, 2012, notice was sent to the parties that the trial court denied the defendant's motion for articulation. On April 3, 2012, the defendant timely filed a motion for review with this court. By order dated May 9, 2012, this court granted the defendant's motion for review and granted in part the relief requested. The trial court was ordered "to comply with the provisions of [Practice Book] § 64-1 by filing a memorandum of decision . . . explaining the factual and legal bases for [its] October 19, 2011 decisions denying 'Defendant's Motion to Open and Correct the Judgment', dated July 6, 2011, and granting 'Plaintiff's Motion to Dismiss Defendant's Motion to Open and Correct the Judgment, Post-Judgment', dated July 11, 2011." The trial court complied with this court's order by filing a memorandum of decision dated June 6, 2012.

In its June 6, 2012 memorandum of decision, the court stated that the defendant had failed to file a separate memorandum of law with his motion to open the judgment as required by Practice Book § 11-10. It further noted that the plaintiff, by filing her objection, did not waive the defendant's noncompliance with that requirement. The court concluded: "In view of defendant's failure to follow the rules of practice, the court was within its authority to dismiss the motion." Additionally, the court stated that, alternatively, the defendant's motion properly was denied because he "failed to demonstrate a good and compelling reason to justify opening this judgment. . . . The court considered all the points raised by the defendant including his challenges to the financial orders."

I

The defendant's first issue on appeal is whether the trial court abused its discretion in denying his motion to open and correct the judgment rendered on June 16,

2011. He claims that the court should have granted his motion because he "cited not one or two claims of error but eight specific items that begged for correction . . . ." The defendant further claims that his failure to comply with Practice Book § 11-10 was not a proper ground for the court's denial. He claims that his late-filed memorandum of law in support of the motion and the lack of prejudice it caused to the plaintiff should have been sufficient to grant his motion under the circumstances of this case.

"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . . The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. . . . We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94–95, 952 A.2d 1 (2008).

In the present case, the court stated two grounds for its decision. First, the defendant failed to comply with Practice Book § 11-10 by failing to file a separate memorandum of law with his motion to open and correct the judgment. The defendant does not dispute the fact of his noncompliance, but, rather, he claims his noncompliance should be excused because he subsequently filed a memorandum of law and the plaintiff had not been prejudiced. We cannot conclude that the trial court

abused its discretion by requiring compliance with the rules of practice. "Either we adhere to the rules or we do not adhere to them. There was no abuse of discretion here where the trial [court] decided to enforce adherence to the rules of practice." *Osborne* v. *Osborne*, 2 Conn. App. 635, 639, 482 A.2d 77 (1984).

The second ground given for the court's decision was its conclusion that the defendant had presented no " 'good and compelling reason' " to justify opening this judgment. See *Chapman Lumber, Inc.* v. *Tager*, supra, 288 Conn. 94. The court noted that it had considered "all the points raised by the defendant" in reaching that determination. The trial court articulated the proper standard and stated that it had reviewed all of the defendant's arguments. On this record, we are unable to conclude that the trial court acted beyond the scope of its discretion in denying the defendant's motion to open and correct the judgment.

II

The defendant's next claim is that the court improperly denied his postjudgment motion to determine the date of the filing of his motion to open and correct the dissolution judgment. The defendant argues that his motion was filed within the twenty days necessary to preserve appealable issues from the dissolution judgment, even though he failed to pay the filing fee until the twenty-first day after notice of that judgment had been given to the parties. The defendant claims that "since the record was clear and the [m]otion was a necessary component of the appeal process, the decision should be overturned and remanded to the trial court for further proceedings."

If the defendant's motion to open and correct the judgment was not filed within the requisite twenty day period, he cannot challenge issues addressed to the dissolution judgment, but may only challenge the

court's decision in denying that motion. "[B]ecause the defendant did not file his motion to open within twenty days from the date of the judgment, the appeal from the denial of that motion can test only whether the court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Berzins* v. *Berzins*, 105 Conn. App. 648, 649 n.1, 938 A.2d 1281, cert. denied, 289 Conn. 932, 958 A.2d 156 (2008). Because no filing fee had been paid at the time the defendant filed his motion by facsimile transmission, the clerk's office date-stamped the pleading as being filed on July 7, 2011, when the fee was paid, which was twenty-one days after notice of the judgment had been given to the parties.

It would serve no purpose to require the trial court to articulate the date of the filing of the defendant's motion to open and correct the judgment. We already have made that determination in dismissing the issues raised in the defendant's preliminary statement of issues that addressed the merits of the dissolution judgment. "It is clear from the language of [General Statutes § 52-259c] that payment of [the filing] fee is mandatory upon the filing of a motion to open. It therefore follows that an otherwise properly filed motion to open will not be accepted by the court unless accompanied by the filing fee. Since the plaintiff did not pay the required fee until October 15, the motion was not filed until that date . . . ." *Van Mecklenburg* v. *Pan American World Airways, Inc.*, 196 Conn. 517, 519, 494 A.2d 549 (1985).

We therefore conclude that the defendant's second claim is moot. "Mootness presents a circumstance wherein the issue before the court has been resolved or [has] lost its significance because of a change in the condition of affairs between the parties. . . . Since mootness implicates subject matter jurisdiction . . . it can be raised at any stage of the proceedings." (Citation

omitted; internal quotation marks omitted.) *Champagne* v. *Champagne*, 85 Conn. App. 872, 877, 859 A.2d 942 (2004). Because we decided this issue when we ruled on the plaintiff's motion to dismiss portions of the defendant's appeal, we now dismiss this claim of the defendant as moot.

## III

The defendant's final claim is that the court improperly denied his postjudgment motion for an expedited order with respect to the distribution of benefits held in his supplemental executive retirement plan. Specifically, the defendant argues that the court improperly characterized those benefits as a marital asset, subject to the 75 percent/25 percent distribution set forth in the dissolution judgment, when those benefits should have been considered earnings that were not subject to equitable distribution. The plaintiff claims that the defendant's motion was procedurally improper because he was collaterally attacking the underlying dissolution judgment. We agree with the plaintiff.

The defendant, by his motion for an expedited order with respect to the Xerox pension benefits, seeks to alter the substantive terms of the court's prior judgment. He first sought such relief in his motion to open and correct the judgment, but the court denied that motion. He did not file an appeal within twenty days of the date when notice of the dissolution judgment was given nor did he file any motion within that period of time that would have extended his time to take an appeal. See Practice Book §§ 11-11 and 63-1. Instead, with a postjudgment motion filed more than three months after the dissolution judgment, the defendant challenged the court's distribution of the executive retirement benefits in the underlying judgment. "Unless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal

entirely invalid, he or she must resort to direct proceedings to correct perceived wrongs . . . . A collateral attack on a judgment is a procedurally impermissible substitute for an appeal." (Internal quotation marks omitted.) *Urban Redevelopment Commission* v. *Katsetos*, 86 Conn. App. 236, 244, 860 A.2d 1233 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1289 (2005).

Although the caption of the motion did not indicate that the defendant was directly challenging the court's division of assets, "we look to the substance of the relief sought by the motion rather than the form . . . ." (Internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 605, 974 A.2d 641 (2009). In his appellate reply brief, the defendant argues that the Xerox pension benefits are earnings, not marital property, and urges this court to undertake plenary review of the trial court's decision and "overturn" the "improper" "property distribution." The defendant concludes his argument as follows: "The decision *in the dissolution action* declaring the Xerox SERP as marital property is . . . contrary to the characterization of income and should be overturned." (Emphasis added.) The defendant's motion for an expedited order addressed to those benefits clearly constituted an untimely and impermissible collateral attack on the underlying dissolution action, and the court therefore properly denied the defendant's request.

The judgment is affirmed.

In this opinion the other judges concurred.