******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE ZEN T.*
(AC 36525)

DiPentima, C. J., and Prescott and Pellegrino, Js.

*Argued June 3—officially released July 9, 2014***

(Appeal from Superior Court, judicial district of
Middlesex, Child Protection Session at Middletown,
Elgo, J.)

*Heather S.*, self-represented, the appellant (respondent mother).

*Amor C. Rosario*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Lisabeth B. Mindera*, for the minor child.

*Opinion*

PER CURIAM. The self-represented respondent mother, Heather S., appeals from the judgment of the trial court denying her motion to open the judgment terminating her parental rights. On appeal, she sets forth a variety of issues, none of which has merit. We conclude, therefore, that the court did not abuse its discretion in denying the motion to open. Accordingly, we affirm the judgment of the trial court.

This court recently affirmed the judgment of the trial court terminating the respondent's parental rights as to Zen T., the respondent's minor child.[1] See *In re Zen T.*, 149 Conn. App. 376, 88 A.3d 1286, cert. denied, 312 Conn. 911,     A.3d     (2014). In that opinion, we set forth the following facts and procedural history, which are relevant to the present appeal. "The petitioner, the Commissioner of Children and Families . . . filed a petition with the court, requesting that the parental rights of the respondent be terminated. The statutory ground alleged in the petition against the respondent mother is that the child has been denied, by reason of an act or acts of parental commission or omission, including, but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, the care, guidance, or control necessary for the child's physical, educational, moral, or emotional well-being, [pursuant to] General Statutes § 17a-112 (j) (3) (C). . . .

"After the trial concluded, the court held that the petitioner proved, by clear and convincing evidence, that: (1) the Department of Children and Families (department) made reasonable efforts to reunify the family, as required by § 17a-112 (j) (1); (2) termination was in the best interest of the child, pursuant to § 17a-112 (j) (2); and (3) with respect to § 17a-112 (j) (3) (C), the child's various fractures and hematomas were serious physical injuries that were nonaccidental or were otherwise inadequately explained. The court further found that all seven grounds for termination delineated in § 17a-112 (k) existed. It then ordered the termination of the respondent's parental rights."[2] (Footnote omitted; internal quotation marks omitted.) Id., 378–79.

The sole issue raised in the respondent's first appeal was that she was denied effective assistance of counsel and was prejudiced thereby. Id., 377. We rejected her claim, concluding that she had "not demonstrated that her trial counsel's representation resulted in prejudice to her." Id., 382.

After she had filed her first appeal, the respondent filed a motion in the trial court to open or set aside the judgment on December 30, 2013, approximately four months after that court's judgment.[3] She alleged ineffective assistance of counsel, unethical practices by the

department, insufficient evidence, the unconstitutionality of § 17a-112, and a violation of her right to be heard as the bases for her motion.[4]

The court held a hearing on January 16, 2014, at which time the respondent filed an amended motion to open and set aside the judgment. The court issued an oral ruling denying the respondent's amended motion because she failed to allege or establish that granting the motion was in the best interest of Zen T. as required by General Statutes § 45a-719.[5] This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the legal principles that guide our analysis. "Our review of a court's denial of a motion to open . . . is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *In re Ilyssa G.*, 105 Conn. App. 41, 45, 936 A.2d 674 (2007), cert. denied, 285 Conn. 918, 943 A.2d 475 (2008). "As to a termination of parental rights judgment, before granting a motion to open, the court must also consider the best interest of the child. General Statutes § 45a-719." (Internal quotation marks omitted.) Id., 46; see also *In re Samantha S.*, 300 Conn. 586, 588 n.3, 15 A.3d 1062 (2011); *In re Travis R.*, 80 Conn. App. 777, 786, 838 A.2d 1000, cert. denied, 268 Conn. 904, 845 A.2d 409 (2004).[6]

The respondent first claims that the court improperly found that it was not in Zen T.'s best interest to remain with her. We review this claim under the clearly erroneous standard of review. *In re Travis R.*, supra, 80 Conn. App. 786. The court initially noted that the respondent had not raised the issue of the best interest of Zen T. in her motion as required by § 45a-719. At the conclusion of the hearing, the court concluded that she had failed to establish that opening the judgment was in Zen T.'s best interest. Most of the respondent's arguments attack the merits of the underlying judgment terminating her parental rights; such contentions, however, are not properly raised by a motion to open filed outside of the appeal period for the judgment of termination. Additionally, we are not persuaded by her reasoning that keeping a child from a parent "who had a meritorious defense and is a good mother and truly innocent of wrong doing and who had no reason to suspect the surreptitious abuse of her son by his father" fails to account for the child's best interest. This statement essentially ignores

the termination proceedings that have taken place and would require a reevaluation of those judicial determinations.

The respondent also argues that she received ineffective assistance of counsel during the termination proceedings and, therefore, the court should have granted the motion to open. As noted previously, in the respondent's appeal from the judgment terminating her parental rights, the sole issue raised was that she had received ineffective assistance of counsel. We conclude that the respondent is barred from raising claims of ineffective assistance of counsel as a result of res judicata. See *State* v. *Jones*, 98 Conn. App. 695, 700–701, 911 A.2d 353 (2006), cert. denied, 281 Conn. 916, 917 A.2d 1000 (2007); see also *State* v. *Collazo*, 115 Conn. App. 752, 757, 974 A.2d 729 (2009) (doctrine of collateral estoppel barred defendant from relitigating claim decided in prior appeal), cert. denied, 294 Conn. 929, 986 A.2d 1057 (2010). We conclude, therefore, that the respondent's claim that the court improperly found that it was not in Zen T.'s best interest to remain with her must fail.

The respondent next claims that she was not allowed to present evidence to support her motion to open. Our review of the record reveals that the respondent did not request an evidentiary hearing, and she has not pointed us to any authority requiring the court to conduct such a hearing. See, e.g., *American Honda Finance Corp.* v. *Johnson*, 80 Conn. App. 164, 168, 834 A.2d 59 (2003). We conclude, therefore, that the court did not abuse its discretion in not holding an evidentiary hearing with respect to the respondent's motion to open.

The respondent next claims that her fourteenth amendment right to due process was violated because she was not appointed counsel for the motion to open. A parent has a *statutory, not constitutional*, right to appointed counsel in *termination* of parental rights proceedings. See *In re Isaiah J.*, 140 Conn. App. 626, 640, 59 A.3d 392, cert. denied, 308 Conn. 926, 64 A.3d 333, cert. denied sub nom *Megan J.* v. *Katz*,    U.S.   , 134 S. Ct. 317, 187 L. Ed. 2d 224 (2013); see also *In re Elysa D.*, 116 Conn. App. 254, 265, 974 A.2d 834 (no federal or state constitutional right to appointed counsel in termination of parental rights proceedings), cert. denied, 293 Conn. 936, 981 A.2d 1079 (2009). We are unaware of any statute requiring the court, sua sponte, to appoint counsel for a party who has moved to open a judgment terminating parental rights. We conclude, therefore, that this claim must fail.

The respondent next claims that her fourteenth amendment right to due process was violated because the trial judge did not recuse herself from deciding the motion to open. Specifically, the respondent alleges that Judge Elgo "may have recused herself from the [respondent's] original termination of parental rights

trial." The record reveals that the respondent did not raise this recusal issue to the trial court and her claim on appeal amounts to nothing more than speculation that the trial judge should have recused herself. "[S]peculation is insufficient to establish an appearance of impropriety. As this court has explained, [a] factual basis is necessary to determine whether a reasonable person, knowing all of the circumstances, might reasonably question the trial judge's impartiality. . . . It is a fundamental principle that to demonstrate bias sufficient to support a claim of judicial disqualification, the due administration of justice requires that such a demonstration be based on more than opinion or conclusion. . . . Vague and unverified assertions of opinion, speculation and conjecture cannot support a motion to recuse . . . ." (Internal quotation marks omitted.) *Tracey* v. *Tracey*, 97 Conn. App. 278, 284, 903 A.2d 679 (2006). Accordingly, this claim fails.

The respondent finally claims that the court improperly failed to grant her a continuance in order to finish her amended brief or obtain private counsel. The petitioner counters that the respondent never made an explicit request for a continuance and, even if she had, the denial of such a request would not amount to an abuse of discretion. Our review of the record reveals that although the respondent contemplated requesting a continuance, she never actually made such a request. In the absence of such a request, the court could not abuse its discretion in not granting a continuance.

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** July 9, 2014, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] Zen T.'s father voluntarily consented to the termination of his parental rights, which the court accepted after conducting a canvass. *In re Zen T.*, 149 Conn. App. 376, 377 n.1, 8 A.3d 1286, cert. denied, 312 Conn. 911, A.3d    (2014).

[2] On August 30, 2013, the trial court issued a thorough memorandum of decision that adjudicated Zen T. neglected and terminated the respondent's parental rights. In addition to the other required statutory factors necessary to terminate parental rights, the court found, by clear and convincing evidence, that the respondent's acts of parental commission or omission denied Zen T. the care necessary for his physical well-being because Zen T.'s various fractures, classic metaphyseal lesions (fractures in the long bones resulting from traumatic twisting, yanking or pulling and highly associated with child abuse) and bilateral subdural hematomas constituted serious physical injuries.

[3] The respondent claims that § 17a-112 violates the federal and state constitutions. Specifically, she argues that this statute "allows for a burden shift in non-accidental or inadequately explained cases [of seriously physical injury cases] to a preponderance of the evidence for termination of parental rights cases." We decline to consider this claim because the respondent's motion to open was filed more than twenty days after the date of the underlying judgment.

"[B]ecause the defendant did not file his motion to open within twenty days from the date of the judgment, the appeal from the denial of that motion can test only whether the court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying

judgment." (Internal quotation marks omitted.) *Farren* v. *Farren*, 142 Conn. App. 145, 154, 64 A.3d 352, cert. denied, 309 Conn. 903, 68 A.3d 658 (2013). This claim does not apply to the merits of the denial of the motion to open, but rather challenges the propriety of the underlying judgment. Accordingly, we decline to review this claim.

[4] The respondent represented herself when she filed this motion. "[I]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Although we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . This is because [a] party who, unskilled in such matters, seeks to remedy some claimed wrong by invoking processes which are at best technical and complicated, is very ill advised and assumes a most difficult task. . . . Nonetheless, while the court exhibits some degree of leniency toward a [self-represented] appellant, it cannot entirely disregard established principles of law." (Internal quotation marks omitted.) *Morneau* v. *State*, 150 Conn. App. 237, 239–40 n.2, 90 A.3d 1003 (2014).

[5] The trial court ruled: "It is clear that the . . . [respondent] needs to make an adequate basis or assertion above and beyond some of the preliminary legal grounds regarding a motion to open or set aside but, above and beyond that, she needs to be able to make an adequate claim or substantial— a sufficient claim that this motion to open and set aside the judgment is in the best interest of Zen.

"And, based on the court's prior decision, as well as representations, not only made by the state and the child but even the [respondent's] own statements with respect to best interests . . . are not adequate or a sufficient basis to find that it's in the best interest.

"I listened very carefully to the [respondent's] arguments and the [respondent's] arguments continue to be really focused on her own ideas of what is in the best interest of her child but not necessarily what is in Zen's best interest based on what his . . . needs are and what his situation is. She's not been able to address some of the underlying issues that supported Judge Gleeson's claims regarding—or Judge Gleeson's findings with respect to best interest.

"So I believe she has not alleged that it's in the best interests of Zen for the motion to open to be—for the motion to set aside a judgment. It was not claimed in her motion.

"The court also finds it is not in the best interests for this case—for this child's case to be further litigated in this venue. There's already . . . an appeal that has been filed that I understand is pending before the Appellate Court that raises some of these issues.

"And so, given the strength of the evidence, the failure of [the respondent] to make an adequate prima facie claim regarding a motion to reopen, the court is going to deny the motion."

[6] The respondent also claims that the court focused "mostly" on the best interest of the child and failed to consider the two prong test that stems from General Statutes § 52-212a. As § 45a-719 makes clear, in a motion to open a judgment terminating parental rights, the court must find it would be in the best interest of the child to grant such a motion. This claim, therefore, fails.

––––––––––––––––